GEORGE S. WRIGHT, RESPONDENT, *v.* ABBIE J. FLEMING
AND OTHERS, IMPLEADED, ETC., APPELLANTS.

*Proceedings in Surrogate's Court — error in — a court of equity will not interfere to
stay entry of decree, when an appeal lies.*

The plaintiff, in proceedings instituted by him before a surrogate for the final
passage of his accounts, put in evidence instruments under seal, duly executed
and acknowledged by several of the next of kin, releasing him from all lia-
bility growing out of his administration of the estate, and assigning to him
their respective shares therein. Upon objections to their validity being made
by the proctor of the parties executing them, the surrogate decided to exclude
them, and directed the entry of a judgment against the plaintiff in favor of the
parties by whom they were executed. The plaintiff thereupon brought this
action, to which all of the next of kin, except the plaintiff himself, were made
defendants, setting forth the above facts; that the amount of the judgment
proposed to be entered would exceed $100,000; that the entry of such a
judgment would be greatly injurious to plaintiff's business; that such decree
would operate in law as an estoppel against him; that he could not contest its
validity nor resist its collection except by the slow course of an appeal, pending
which he would receive irreparable injury, and prayed that the defendant be
restrained from entering any decree by which he should be directed to pay any
sum to the parties executing the said releases.
Upon a demurrer interposed by the defendants, on the ground that the complaint
did not state facts sufficient to constitute a cause of action, *held,* that the
demurrer was proper and should be sustained; that plaintiff's remedy for any
error committed by the surrogate was by an appeal from the judgment,
and that a court of equity would not interfere.

APPEAL from an order of the Special Term in the second depart-
ment overruling a demurrer, and directing that plaintiffs have
judgment on the complaint.

*George Norris* and *Alexander Thain*, for the appellants. If the
surrogate rightfully disregarded the releases the plaintiff cannot be
heard to complain; if he erred in so doing plaintiff's remedy is by
appeal, as would be the case in the event of any court, inferior or
otherwise, striking out or disregarding evidence which it was its duty
to consider, or in excluding evidence which it should have received
(7 Hun, 609; Willard's Equity, 357, 358; *Snedeker* v. *Pearson*, 2

Barb. Ch., 107; *Marks* v. *Wilson*, 11 Abb.; 87; *Smith* v. *Moffat*, 1 Barb., 65; *Wordsworth* v. *Lyon*, 5 How. Pr., 463; *Bokee* v. *Hamersley*, 16 How., 461; *Vilas* v. *Jones*, 1 N. Y., 283.)

*Clarkson N. Potter*, for the respondent  It is the province of this high court of equity to restrain parties from proceeding at law, when their proceedings are oppressive and the law furnishes no sufficient remedy against them.  (14 N. Y., 9; 32 id., 105; 16 Barb., 536; 1 Barb. Ch., 406; 11 id., 11; 1 Sandf. Ch., 1; *N. Y. and N. H. Co.* v. *Schuyler*, 17 How., 462; *Erie Co.* v. *Ramsey*, 45 N. Y., 647, 648, 649.)  In the days of the Court of Chancery few injunctions were more common than those restraining the prosecution of an action because of a release or defense subsequent to a trial.  (*Mayor* v. *Third Ave. Co.*, 54 N. Y., 161; 1 Q. B. D., 499; 11 Am. Law Rev., 282; 28 How. Pr., 4; 1 Duer, 624; 16 How. Pr., 435; 2 Abbott, 121; 3 Daly, 172.)

DAVIS, P. J.:

Pending proceedings before the surrogate of Westchester county for the final settlement of the accounts of the plaintiff, as administrator of the estate of John T. Wright, deceased, the plaintiff obtained from several of the next of kin of his intestate, instruments under their respective hands and seals, releasing and discharging him as such administrator, from all claims growing out of his administration of the estate, and assigning to him the shares of the said next of kin, respectively.  These instruments, duly acknowledged in such form as to make them evidence, were presented to, and put in evidence before the surrogate.

The proctor and solicitor who represented the several parties who had executed the releases, disputed the effect, force and validity of the said releases, and asked the surrogate to disregard them and render a decree against the plaintiff and in favor of the several next of kin who had executed such releases, as though the same had not been made.

The surrogate decided to disregard such releases, and announced his intention to make and enter a decree against the plaintiff for a large sum, in favor of the parties who had executed such releases, as well as the other next of kin.  And on a subsequent application

by plaintiff, the surrogate refused to make a separate order rejecting or disregarding such releases.

The plaintiff thereupon brought his suit in equity in this court, alleging the several facts, and asserting that a decree was about to be made in favor of the next of kin, who had executed such releases in disregard of those instruments, for a large amount, exceeding $100,000, which decree would be greatly injurious to plaintiff's business and credit, and do him irreparable injury; inasmuch as' he was advised that such decree would operate in law as an estoppel against him, so that he could not contest its validity nor the amount due and owing to the next of kin collaterally, nor resist the collection of the same, except by the slow course of an appeal, pending which he would receive irreparable injury which no reversal could make good.

The plaintiff, for his relief, prayed that the defendants, who were all of the next of kin except the plaintiff himself, and the children of a deceased sister, might be enjoined and restrained from entering any decree by which he should be required to make any payment, or be adjudged to pay any thing as due from him to any of the defendants by whom he had been released. The defendants demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled at the Special Term in the second department, and judgment rendered in favor of the plaintiff on the complaint.

And it was ordered and adjudged that the defendants be enjoined from entering any decree, by which the plaintiff should be required to make any payment whatever to the defendants who had executed such releases; but that the order should not be so construed as to prevent the entry of a decree wherein and whereby the surrogate should give effect to such releases, and discharge the plaintiff from all liability in respect to the distributive shares of the persons who had executed the same.

From this order the defendants appealed to the General Term. The appeal seems to have been directed to be heard in this department. Upon the facts thus stated and admitted by the demurrer, it seems clearly apparent that the surrogate committed a palpable error by his decision to disregard the releases; and the question is, whether a court of equity will step in by injunction against the

defendants to prevent them from availing themselves of the erroneous decision of the surrogate, and entering a decree in conformity thereto.

We are of opinion that the Special Term erred in holding that the injunction of a court of equity is a proper remedy in such a case. The surrogate undoubtedly had authority to pass upon the question of the admissibility of the evidence offered, and to reject or receive it, according to his views of the law and justice of the case. The proper method of reviewing his erroneous ruling is provided by statute, and that is by an appeal, which brings up the decision and all its grounds and reasons, and all the facts and proofs upon which it was based, before an appellate court.

That is a plain, simple remedy, open to all parties who are prejudiced by the decisions of the Surrogate's Court; and no court of equity has ever gone so far as to prevent the further prosecution of an action, or of any proceeding pending in an inferior or other tribunal on the ground that the decision of the court in rejecting or disregarding the evidence presented to it for consideration was likely to work irreparable injury to the party against whom such decision was made.

To establish such a principle is to do what was severely condemned by BRONSON, J., in *Vilas* v. *Jones* (1 N. Y., 283), for it is to resort to a bill in equity to correct an erroneous decision at law where a plain remedy by appeal exists. A similar question seems to have been before the General Term of the second department in this, or some other action between the same parties on an appeal from an order granting an injunction. (7 Hun, 608.) In that case the court reversed the order, holding that where there is an adequate remedy by motion or appeal, there is no occasion for the interference of a court of equity.

In *The New York and Harlem Railroad Company* v. *Haws* (56 N. Y., 175–181), the court held that equity will not interpose upon the ground that a verdict or judgment is erroneous. The error must be corrected, if at all, in the action in which it occurred; and, in his opinion, GROVER, J., says: "Equity does not interfere to restrain the collection of a judgment upon the ground that it was erroneously rendered, but only upon the ground that enforcing it would be contrary to equity and good conscience, as shown by

facts of which the party could not avail himself as a defense, or when he was prevented from so doing without any fault of his own, by the fraud of the other party." It is to be observed that the complaint in this case does not seek to bring into this court the question of the validity of the releases or any other question relating to them, but simply in consequence of the erroneous decision of the surrogate in rejecting them, to suspend all proceedings before the surrogate until that decision shall be changed by him and the releases accepted as sufficient discharges of the rights and claims of the parties who executed them. The suggestion of the fact that the surrogate refused to make a separate order on the question of receiving the releases, does not seem to us to be of any value; because, if he were bound to make such an order, his refusal itself would be an appealable order, the error of which could be corrected by appeal.

We are unable to see any sound distinction between this case and any other, where a court sitting for the trial of issues of fact, has excluded evidence which, if admitted, and full effect given to its apparent force, would determine the issue in favor of one of the parties. We think it clear that, in such case, it is not the province of a court of equity to thrust in its injunction, and prevent a successful party from going on with the case until the decision of exclusion shall be changed and the evidence received.

For these reasons we are of opinion that the court below erred in overruling the demurrer.

The order should be reversed with costs, and judgment ordered for the defendants on demurrer.

DANIELS, J., concurred.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

Order reversed with costs, and judgment ordered for defendants on demurrer.