By the Court. Van Vorst, J.
The answer admits the agreement made by the defendant with the plaintiff, and no formal proof of it on the trial was necessary.' It was entitled to be read under the admission. In addition, its execution by the defendant was satisfactorily proven by the certificate of the notary public attached,, and for that reason also it was entitled to be read in evidence.
Ho demand from English & Hobbs to pay the rent and taxes was necessary as a condition to a recovery of the defendant on his covenant. It was incumbent on the tenants to seek the landlord and pay without demand. Such was the duty resting upon them under their agreement, by which they had any right to the engagement of the premises, and for the failure of the tenants in making their payments, the defendant is liable under his agreement.
There was nothing in the defendant’s agreement by which his liability was made dependent upon a previous demand of the rent and taxes by the plaintiff from English & Hobbs. The court must give effect to the *81 contract as made by the parties, and can regard no conditions except such as the parties have themselves by terms created.
Besides, English & Hobbs left the premises some years before the rent and taxes in question became due and payable, having placed one Henderick in possession, who on demand refused to pay.
On the premises which they had left, it was reported that they had departed the State. They had placed themselves inaccessible to a personal demand, and were demand necessary, one made of Henderick on the premises would be sufficient to put English & Hobbs in default, and render defendant liable under his agreement. In McKensie v. Farrell (4 Bos. 204), it was held, Wood-ruff, Judge, delivering the opinion, that under an agreement of suretyship, in its terms much like the one under consideration, no demand was necessary to be made of the tenant for the rent before proceeding against the surety on his agreement.
The defendant’s objection, that plaintiff had proved no attempt to collect the rent from English & Hobbs, nor exhausted their remedies against them, is of no force. Plaintiff was under no obligation to take such steps. The defendant had absolutely agreed to pay the rent, and all damages that might arise in consequence of the nbn-performance by English & Hobbs of their covenants with plaintiff, or either of them, without requiring notice of any default from the plaintiff.
In the failure of English & Hobbs to do what they had agreed rests the defendant’s primary liability, and that without demand of, or suit against them (Chase, Admrx. v. Hinman, 8 Wend. 453 ; McKensie v. Farrell, supra; Rector, etc., of Trinity Church v. Higgins, 48 N. Y. 532), in which case it is said the tenant’s “ covenant is broken when he neglects to pay taxes or assessment duly imposed.”
The last objection of the defendant, as exhibited by the *82 case, is, “That plaintiff has failed to connect the defendant with the plaintiff.”
The evidence shows that the plaintiff was himself under obligation to pay the rent and taxes to the superior landlord, and that when he assigned his lease to English & Hobbs, they undertook to pay the same, and in the event of their default the defendant undertook himself to pay.
As already observed, English & Hobbs left the premises, and a fruitless demand was made of Henderick who succeeded them. The evidence shows that plaintiff himself paid the rent and taxes, for which this action is brought, amounting to §1,407.52.
Such statement would seem clearly to establish the defendant’s liability to the plaintiff under his agreement of the 31st of May, to pay, on the default of English & Hobbs, the rent and all damages that might arise in consequence of their non-performance of their covenants. Plaintiff was damaged to the amount he paid.
The defendant’s counsel on the argument suggested that the plaintiff may have been furnished with the money for the purpose of paying the rent and taxes by English & Hobbs, and that it was presumptively their money with which they were paid.
This, under the facts and circumstances, is a violent-presumption. In his answer the defendant states that in 1866, English & Hobbs sold out all their interest in the lease to Henderick, who was to pay the rent.
The evidence shows that English & Hobbs could not be found, and that Henderick would not pay.
The presumption is rather the other way, than as urged. The answer sets up no such defence.
The complaint was improperly dismissed, and the order of the Special Term granting to the plaintiff a new trial is affirmed, with costs to respondent to abide the event.
Barboxje, Ch. J., and Monell, J. concurred.