Ingraham, J.
The plaintiff alleges in his complaint, “ that in and by said contract between said plaintiff and said defendant, it was agreed that plaintiff should buy said stock in his own name, pay the commission for buying and selling the same, and pay the interest which might arise for holding and car- *253 tying said stock, and the said defendant guaranteed and was to indemnify and keep harmless the said plaintiff against all losses which might arise on account of any depreciation in the market value of said stock; and all commissions for purchasing and selling said stock, and interest made or incurred in holding and carrying said stock; and in case of an advance in the value of said .stock that, after deducting commissions and interest, the gain or profits arising from such advance should be equally divided between said plaintiff and said defendant.”
The plaintiff, to sustain this allegation, gave evidence on the trial tending to show that the plaintiff made the contract alleged in the complaint; and that question was submitted to the jury, and they having found for the plaintiff, it must be assumed that the contract alleged in the complaint was made by the defendant.
The defendant asked the court to charge that “ there is no evidence that the plaintiff in this case has sustained any damage unless for the sum of $3000 claimed by him to have been paid by him to Dillingham & Co. or Parkes & Co., February 13, 1883.” The court refused to charge as requested, and the defendant excepted. The court then charged the jury : “ If you believe the evidence to be true, the loss he sustained was the difference between the price at which the stock was purchased and its price at the time it was sold, with commissions and interest.” To that charge the defendant excepted.
It appeared by the evidence that, with the exception of $3000 paid to Parkes & Co., none of the losses on the stock had been paid by the plaintiff to the brokers who purchased the stock, but that the loss still remained due and owing by him to such brokers; and the question is whether, on the contract as alleged and proved, the plaintiff was entitled to recover for the amount of the loss not paid by him on the stock purchased under the agreement, and which remains unpaid.
In construing contracts of this kind, it is first necessary to ascertain what the defendant agreed to do. If the guaranty was against liability or the obligee becoming liable, there is a breach of the covenant, and a cause of action exists as soon as *254 the obligee became liable to pay; and although this principle has been questioned, it is now firmly established in this State.
Where, however, the contract is a guaranty against damage, or a guaranty against loss, before there can be a breach the obligee must suffer loss or sustain damage; and in that case before a cause of action exists, actual loss or damage must be shown.
In Belloni v. Freeborn, 63 N. Y., 383, 390, Allen, J., said : “Had the bond been conditioned solely to indemnify and save harmless from damages, by reason of the liability, the obligee, the recovery would necessarily have been limited to the actual damages sustained by him ; he could only have recovered to the amount of actual damnification.”
In Aberdeen v. Blackmar, 6 Hill, 324, the covenant was to indemnify and save harmless the plaintiff from any claim or have against the plaintiff. It was held, that this is strictly a demand that one Fuller might then have or might thereafter contract to indemnify and save harmless and nothing more, and the plaintiff shows no breach, though judgment has been recovered against him, the court saying: “ It is not an agreement to indemnify against liability; but it is the common case of an agreement to indemnify against the 1 claim or demand ’ of a third person, and before plaintiff can recover he must show that he lias been damnified.”
In the case of Kohler v. Matlage, 72 N. Y., 267, the court says: “ The distinction is clearly defined between such an obligation and an indemnity against loss or damage by reason of a liability. In the former case the covenantee is to be saved from the thing specified, and in the latter from tlieconsecjuence of it.” And in the case of Sinsheimer v. Tobias, 53 Super. Ct. (J. & S.), 508, the rule is stated: “If the contract made by Tobias had been to indemnify the plaintiff and save him harmless against claims of the creditors of the firm, payment of the claims or of some of them by plaintiff would have been necessary to sustain an action for damages.”
In the case of Gilbert v. Wiman, 1 Comst, 550, the dis *255 tinction is said to be between an affirmative covenant for a specified thing, and one of indemnity against damage by reason of the non-performance of the thing specified.
In the case last cited, the condition of the obligation was “that the said sheriff shall not sustain any damages or molestation whatsoever by reason of any act from this day done, or any liability incurred by or through said deputy.” The court held that plaintiff could only recover the amount of damages actually shown to have-been incurred by the obligee; that by that obligation the defendant agreed that the plaintiff should not sustain any damage, which means actual damage, by reason of any liability incurred by the act of the deputy.
It was held by the Commission of Appeals in the case of Hector, etc., of Trinity Church v. Higgins, 48 N. Y., 532: “ The rule may be definitely drawn from numerous cases, that where indemnity only is expressed, damage must be sustained before a recovery can be had.” And this rule is approved in the case of National Bank of Newburgh v. Bigler, 83 N. Y., 56, where the court says: “ Where the indemnity provided is against a charge of fixed legal liability, the obligee is to be saved from the thing specified, and the right of action becomes complete upon the defendant’s failure to do the particular thing he agreed to perform ; while, on the other hand, where the covenant is for indemnity only, and against resultant damages, these must be
The contract alleged in this case was to indemnify and keep actually suffered before an action can be maintained.” harmless the plaintiff against all loss which might arise on account of .any depreciation in the market value of the stock. The contract proved was that the defendant would guarantee the plaintiff against loss. By the agreement it was the plaintiff who was to be indemnified, and the loss was to be the loss of the plaintiff, not of the brokers. Until, therefore, the plaintiff was actually damnified, actually paid something, he sustained no loss.
There is a marked conflict between many of the cases on this subject, and it is difficult to reconcile them. The later authorities, however, maintain the distinction above referred *256 to, and I think it clear that the covenants in this case are for an indemnity against the loss only, and that sncli loss must be actually suffered before an action can be maintained.
I think, therefore, the trial judge erred in charging that the measure of damage was the difference between the price at which the stock was purchased and its price at the time it was sold ; and the judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event of the action.
Freedman, J., concurred.