THE RECTOR, CHURCH-WARDENS AND VESTRYMEN OF TRINITY CHURCH IN THE CITY OF NEW YORK, Appellants, *v.* ALBINA HIGGINS, Respondent.

A covenant in a lease whereby the lessee agrees to bear, pay and discharge all taxes and assessments which shall be imposed upon the demised premises during the term, is broken when the lessee neglects to pay a tax or assessment duly imposed. It is not simply a contract of indemnity, but by it the tax or assessment, as between the parties, becomes the debt of the lessee. The lessor therefore can maintain an action thereon without first paying the tax or assessment, and as damages he is entitled to recover the amount of such tax or assessment.

Parties have the right to make a contract contravening the rule that actual compensation will only be given for actual loss, and when the intent so to do is expressed in apt and suitable language courts of justice will enforce it.

The fact that neither the particular tax or assessment, nor the time of payment, nor the person or corporation to whom payable are stated in the covenant, does not make it one for indemnity merely. That is certain which is capable of being rendered certain.

Nor is it an objection that there is a risk attendant upon the payment of the judgment without prepayment of the tax or assessment. The lessee can make payment even after judgment, and upon application to the court after such payment the collection of the judgment, except as to costs, will be stayed, and upon payment of costs satisfaction will be ordered.

(Argued January 8, 1872; decided May term, 1872.)

Appeal from order of the Superior Court of the city of New York setting aside a verdict in favor of plaintiff and granting a new trial.

The action is upon a covenant in a lease of premises in the city of New York, by the plaintiffs to the defendant, whereby the defendant covenanted, among other things, to "bear, pay and discharge all such duties, taxes, assessments and payments, of what nature or kind soever, as should, during the term aforesaid, be imposed on, or grow due or payable out of, or for, or by reason of the said devised premises, or any part or parcel thereof." The term was twenty-one years, commencing May 1, 1856. Two assessments were imposed by the city authorities in March, 1859, amounting to $4,875, constituting liens upon the demised premises for widening and extending Reade street. The action appears to have been brought in 1863, the defendant not having paid the said assessments. It also appeared that the assessments remained wholly unpaid, and no evidence was offered to show that any proceedings had been taken by the corporation of the city of New York to enforce the collection thereof.

The defendant raised several questions at the trial as to the regularity and validity of the assessments, and, at the close of the evidence, moved to nonsuit the plaintiffs and to

dismiss the complaint, upon the ground that the assessments had not been paid by the plaintiffs and that they had failed to show that they had sustained any damage. The motion was denied and the defendant excepted.

The court directed the jury to find a verdict for the plaintiffs for $8,000, subject to an adjustment of the amount, and directed the exceptions to be heard at the General Term in the first instance.

The parties stipulated that, upon this appeal, the argument shall be confined to the right of the plaintiffs to bring their action prior to the payment by them of the assessments in question.

*Amasa J. Parker* and *G. M. Ogden* for the appellants. Plaintiffs were entitled to recover, as damages, the amount of the assessments and interest. (*Tyler* v. *Ives*, cited in *Gilbert* v. *Wyman*, 1 Com., 550; *Port* v. *Jackson*, 17 J., 239, 479; *Atkinson* v. *Coatsworth*, 8 Mad., 33; *Churchill* v. *Hunt*, 3 Den., 326; *Lathbridge* v. *Mytton*, 2 B. & A., 772; *Perry* v. *Foy*, 2 M. & R., 181; *Cady* v. *Allen*, 22 Barb., 388; *Chase* v. *Hinman*, 8 Wend., 452; *Thomas* v. *Allen*, 1 Hill, 145; *Holmes* v. *Rhodes*, 1 Bos. & Pull., 938; *Hodgson* v. *Bell*, 7 Term R., 97; *Touissant* v. *Martinnant*, 2 Term R., 100; *Martin* v. *Court*, 2 Term R., 640; *Saward* v. *Ansley*, 2 Bing., 519; *Wickes* v. *Heppock*, 6 Wal., 194, 199.) They were at least entitled to a judgment directing defendant to pay the assessment. (*Champion* v. *Brown*, 6 J. Ch., 406.) No amendment of complaint was necessary to award equitable relief. (Code, § 275; *Marquat* v. *Marquat*, 2 Ker., 336; *Jones* v. *Butler*, 30 Barb., 641.)

*S. F. Cowdrey* for the respondent. The court will not impose upon the lessee the hardship of paying the assessment to the lessor, leaving the leasehold premises still liable. *Delavergne* v. *Norris*, 7 J., 358; *Prescott* v. *Trueman*, 4 Tyngs, 627.) The lessor must first pay the incumbrance, or he can only recover nominal damages. (Rawle on Cov., 154;

*Delavergne* v. *Norris,* 7 J. R., 358; *Stannard* v. *Eldridge,* 16 id., 254; *Van Slyck* v. *Kimbal,* 8 id., 198; Sedg. on Dam., 348; *Gilbert* v. *Wiman,* 1 Comst., 563; *Cornell* v. *Prescott,* 2 Barb., 16; *Halsey* v. *Reed,* 9 Paige, 446; *Marsh* v. *Pike,* 10 id., 595; *Johnson* v. *Zink,* 52 Barb., 396; *Ferris* v. *Crawford,* 2 Denio, 595; *Russell* v. *Pistor,* 7 N. Y., 171; *Churchill* v. *Hunt,* 3 Den., 321; *Aberdeen* v. *Blackmar,* 6 Hill, 324; 1 Saund., 116; *Hodgson* v. *Ball,* 7 Term, 97; *Martin* v. *Court,* 2 Term, 640; *Saward* v. *Ansley,* 2 Bing., 519; 10 Moore, 55.) Actual compensation will only be made for actual loss. (Sedg. on Dam., 311; *Aberdeen* v. *Blackmar,* 6 Hill., 324; *Jackson* v. *Port,* 17 J. R., 482.) This is an obligation to indemnify generally, and is only an obligation to *indemnify* against actual loss. (Note to 1 Saund., 116; *Martin* v. *Court,* 2 Term R., 640; *Saward* v. *Ansley,* 2 Bing., 519; 10 Moore, 55; *Port* v. *Jackson,* 17 J. R., 479; *Aberdeen* v. *Blackmar,* 6 Hill, 324; *Churchill* v. *Hunt,* 3 Denio, 321; *Dolph* v. *White,* 2 Kern., 304; *Chase* v. *Hinman,* 8 Wend., 452; *Webb* v. *Pond,* 19 id., 423; *Harmony* v. *Bingham,* 12 N. Y., 113; *Thomas* v. *Allen,* 1 Hill, 145; citing 1 Saund., 116 (note), *Holmes* v. *Rhodes, Hodgson* v. *Bell, Port* v. *Jackson,* and overruling *Douglass* v. *Clark,* 14 J. R., 177.)

Leonard, C. The covenant of the defendant is affirmative and positive, not collateral or secondary, in its terms. He covenants to " bear, pay and discharge all taxes and assessments," etc., as an obligation or debt of his own, and the language conveys no idea that the plaintiffs are first to bear and pay, before the demand becomes obligatory upon the defendant for payment.

The covenant is broken when the defendant neglects to pay taxes or assessments duly imposed. The defendant is not at liberty to say that it is the debt of the plaintiffs; let them first pay it, and I will then pay them. It is his own debt, made so by the terms of his covenant.

The distinction between a covenant or promise whereby

the defendant makes the amount to be paid his own debt, and one simply of indemnity whereby the covenant or promise is not broken until the amount has been paid by the plaintiff, pervades all the cases upon this subject, from the case of *Jackson* v. *Port* (17 J. R., 479), when the rule became somewhat settled and defined, until that of *Gilbert* v. *Wiman* (1 N. Y. R., 550).

The former case has been repeatedly approved by the highest courts of this State. In the case of *Gilbert* v. *Wiman* (*supra*), it is said by Judge Gardiner, delivering the opinion of the court, that "the distinction is very important. * * * It is the distinction between an affirmative covenant for a specific thing, and one of indemnity against damage by reason of the thing specified. The object of both may be to save the covenantee from damages, but their legal consequences to the parties are essentially different." The opinion further proceeds to illustrate how a bond or other instrument, designed for indemnity only, may, by its terms, create an immediate liability for the measure of damages to which the claim subjected the obligee, although not previously paid by him. The cases of *Thomas* v. *Allen* (1 Hill, 145) and *Churchill* v. *Hunt* (3 Denio, 321) are cited with approval.

The language of Justice Beardsley, in the last mentioned case, that upon obligations of this sort the right of action becomes complete on the defendant's failure to do the particular thing he agreed to perform, is commended as an obvious truth. *Port* v. *Jackson* (*supra*) was an action upon a covenant by the defendant, as assignee of a lease executed to the plaintiff, that the defendant would perform, fulfill and keep all the covenants, conditions, provisos, payments and agreements mentioned in the lease on the part of the plaintiff to be paid, done or performed. One question discussed was whether the plaintiff should recover nominal damages only, or the amount of rent due, it being conceded that the plaintiff had not paid any part of the rent. Justice Van Ness said, in the Supreme Court, p. 245, "My opinion is that the latter (the rent) is recoverable. The covenant is

not that the defendant shall indemnify the plaintiff against his own covenant in the lease, or against any damage which he may sustain, but it is express and positive."

Chancellor KENT said, in the same case, on appeal to the Court of Errors (17 J. R., 482) : "Where a defendant has undertaken to do an act in discharge of the plaintiff from such a bond or covenant, he must show, specially, matter of performance ; and this Jackson ought to have shown in this case.   But where the defendant has undertaken to acquit and discharge the plaintiff from any damages, by reason of his bond or covenant, he then merely undertakes to indemnify and save harmless, and the plaintiff is then bound to show his damages.   *   *   *   Port was not bound to pay the rent or have it recovered from him by due course of law, before he could resort to Jackson. He was not bound to submit himself to such previous distress or inconvenience.   *   *   * If Jackson suffers the rent to be previously collected from Port, that would surely not be keeping and performing Port's covenant, as he had engaged to do."

The rule may be definitely drawn from numerous cases, that where indemnity only is expressed, damages must be sustained before a recovery can be had ; but a positive agreement to do an act which is to prevent damage to the plaintiff, will sustain an action where the defendant neglects or refuses to do such act.   (*Jackson* v. *Port*, 17 J. R., 239, 479 ; *In the Matter of Negus*, 7 Wend. R., 501 ; *Chace* v. *Hinman*, 8 id., 453 ; *Mann* v. *Eckford's Ex'rs*, 15 id., 502, 514 ; *Webb* v. *Pond*, 19 id., 423 ; *Thomas* v. *Allen*, 1 Hill R., 145 ; *Aberdeen* v. *Blackmar*, 6 id., 324 ; *Churchill* v. *Hunt*, 3 Denio R., 321 ; *Gilbert* v. *Wiman*, 1 N. Y. R., 550 ; *Cady* v. *Allen*, 22 Barb. R., 388 ; *McGee* v. *Roen*, 4 Abb. P. R., 8 ; *Schott* v. *Schwartz*, MSS., Com. of Appeals, January, 1872 ; Sedgwick on Damages, 303–314, marg.)

I am aware that the author of the treatise on Damages, just referred to, attempts to undermine, while he concedes that the rule is as it has been here stated, and as it is repeated in several cases mentioned in the text or referred to by the sub-

joined notes.   The author says it is somewhat in conflict with the important and fundamental rule that actual compensation will not be given for merely probable loss, and he further asserts that the argument, that the party must be held in the full amount because he has bound himself to do a particular act, is of no great weight.

In my humble opinion, the observation is not warranted. Parties have the just right to make all lawful contracts guarding their rights and securing the performance of their intentions, including that of contravening the rule of actual compensation for actual loss; and when expressed in apt and suitable language, it would be flagrant wrong if courts of justice should assume to disregard it, in favor of some technical rule framed for other and wholly different circumstances.   I think it a sound and wholesome rule to construe a lawful contract according to its plainly expressed meaning, being governed also by the rules of construction which have been established by precedents.

It is urged by the counsel for the defendant that the covenant should be construed to be for indemnity merely, because neither the particular tax or assessment, nor the time of payment, nor the person or corporation to whom payable, are stated in the covenant of the defendant.   The covenant appears to be specific and certain without these particulars. That is certain which is capable of being rendered certain. The covenant is to pay all such taxes and assessments as shall be imposed during the term mentioned in the lease.   Before the action was brought, the assessments for certain sums had been imposed.   Several years had elapsed, and the defendant had neglected to pay them, according to his covenant.   I am unable to perceive that the objection referred to has been well taken.

The learned presiding justice of the New York Superior Court suggests, in his opinion, that the plaintiffs were not personally responsible for the assessment, and therefore that they will not necessarily be damnified by the non-payment; and he observes, *non constat*, that they may not prefer to

abandon the lands rather than pay the incumbrance, or, at all events, may not be damnified to the full amount of it. The presumption is rather violent. The premises were subject to a sale for the payment of the assessment, whereby they might be lost. Assessments, although often large, as in the present case, do not amount to a confiscation, and the premises are worth more than the tax or assessment. No evidence to the contrary appears. It is notorious that the premises were largely enhanced in value by the improvements for which the assessments were imposed, but evidence of that fact was not material, and the contrary or opposite conclusion ought not to be assumed as a fact. It was doubtless to guard against the contingency of a sale of the premises by the city corporation, to obtain payment of the sums assessed, that the covenant was inserted in the lease. The sale of the premises would involve a loss of the security for the rent reserved, and probably of the reversion. It is perhaps superfluous to discuss the question of the liability of the plaintiffs for the amount of the assessments, but I think a different rule from that suggested by the presiding justice has been held by the Court of Appeals. (*The Mayor* v. *Colgate*, 12 N. Y. R., 140.) The defendant in that case was held to be personally liable for the sum assessed as upon a judgment, although more than six years had run before the commencement of the action.

The hardship and risk attending the recovery of a judgment, without prepayment of the sum by the covenantee, has been commented upon. This objection is not substantial. The defendant can make the payment to the city authorities even after judgment, and a court of law is vested with such equitable power that, upon application after such payment, proceedings for the collection of the judgment, except as to the costs, would be stayed, and, upon payment of the costs, satisfaction of the judgment would be ordered.

The order of the General Term should be reversed, and the Superior Court be directed to adjust the amount due upon the assessment against the premises, and render judgment for

the plaintiffs upon the verdict of the jury, with the costs of this appeal and of the action.

All concur.

Order reversed, and judgment in accordance with opinion.