[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 177 
This cannot be maintained as an action by the plaintiff to compel Haws and Mallady to interplead for the determination of their respective right to the money in the hands of the plaintiff. The complaint omits to state various facts essential to establish such a right, and contains allegations inconsistent therewith. (Shaw v. Coster, 8 Paige, 339, and authorities cited by the chancellor.) The counsel for the appellant conceded, upon the argument, that the action could not be maintained upon that ground. If the action can be maintained by the plaintiff as against Haws, it must be upon the ground that it would be contrary to equity and good conscience to permit him to proceed to judgment upon the verdict he has recovered against the plaintiff for the money, and collect the same under the facts alleged in the complaint and proved upon the trial. If this be so and the plaintiff has been placed in this dilemma, for the reason that the facts making it so could not have been interposed as a defence to the former action, equity will restrain the collection of a judgment if obtained, or if not, further proceedings upon the verdict rendered. (Story's Eq., § 688; Willard's Eq., p. 356.)
It is unnecessary to inquire what title Haws acquired, by finding the money, in case it had been abandoned by the owner, for the reason that it now appears that it was not voluntarily abandoned, but accidentally lost by Mallady, in a car of the plaintiff while a passenger therein, where it was found and picked up by Haws. That the former owner has abandoned property which has been found, is but a presumption in favor of the title of the finder, which may not only be repelled by direct proof, but which, from the character of the property and circumstances under which it is found may not obtain at all in his favor. It is upon the latter ground that the finder may be convicted of larceny if he takes the property found with intent to deprive the owner thereof, and fraudulently apply it to his own use, if, at the time of finding, there is upon the property marks enabling him to ascertain the owner, or he is then in the possession of *Page 179 
facts enabling him to do so. It having been shown that Mallady accidentally lost the money in question, the title thereto remained in him. Haws, by finding, acquired no title, and, having none, conferred none upon the conductor of the train, to whom he delivered it for the purpose of restoring it to the owner if called for; and the conductor by delivering the same to the treasurer of the plaintiff for the same purpose conferred no title to it. When the plaintiff received the money, therefore, it was the property of Mallady and he had the right to call upon the plaintiff for it; and upon furnishing reasonable proof of his title, enforce its delivery by the plaintiff to him. While the money remained in the hands of the plaintiff it could not defend against a claim therefor made by Mallady, upon the ground that Haws had found it in its car and had delivered it to the conductor, from whom the plaintiff received it. Mallady never having parted with his title and no one having ever acquired any as against him, had the right to demand and recover it from any one in whose possession he found it. After the recovery of the verdict, Mallady demanded the money of the plaintiff. It was still in its hands. A refusal to restore it to him would have made the plaintiff liable to him for the amount. Payment of the verdict recovered by Haws, and the costs of the action to him, by the plaintiff, would have been no defence against this liability.
It is insisted by the counsel of Haws that the refusal of the plaintiff to deliver the money to him upon demand, was a conversion of the money by the plaintiff, and that Haws's action was not for the money but damages for the conversion. True, a refusal to deliver to Haws, upon demand, was evidence tending to show a conversion by the plaintiff as to him, but was not an actual conversion of the money by the plaintiff to its use. It still remained in its hands, in specie, as before. This had no effect whatever upon the title of Mallady to the money, or the liability of the plaintiff to deliver it to him upon demand. The plaintiff could not set up this demand of the money by Mallady as a *Page 180 
defence to the action brought by Haws, because the fact did not occur until after the verdict was rendered. The plaintiff was, therefore, guilty of no neglect or laches in not setting up that defence — facts, after the verdict occurred, rendering the plaintiff liable to deliver the identical money to Mallady for which Haws had recovered a verdict, payment of which to Haws would have been no defence to the claim of Mallady. This constitutes the plaintiff's equity to restrain Haws from enforcing his claim. Haws, under the facts found, never had any title to the money. The only claim he could set up under these facts was that of a mere custodian for Mallady, until he appeared and interposed his claim. When he did so and demanded the money from the plaintiff, while the money was in its hands, an end was put to this right of Haws. The plaintiff had no opportunity to interpose this defence to the action brought against it by Haws. The facts constituting it, under section 122 of the Code, or otherwise, did not exist until after verdict.
It is said in the opinion, at General Term, that such an opportunity might have been given by the court, upon motion; as a condition of which the court would have imposed equitable terms in behalf of Haws as to costs. But the motion would have been addressed to the discretion of the court, which might or might not have granted it. The plaintiff was not bound to resort to this, but was at liberty to institute an action to restrain the further proceedings of Haws in the action upon the equities arising upon the facts occurring after the verdict.
It is further insisted by the counsel for Haws that the plaintiff was his bailee of the money, and that a bailee cannot dispute the title of his bailor; and authorities are cited sustaining the latter proposition, as a rule, subject to certain exceptions. But this rule has no application to the present case. It would be equally inequitable to compel the plaintiff to pay the money to Haws, leaving it liable to pay the same money to Mallady, as though the law permitted a bailee to controvert the title of his bailor. *Page 181 
The counsel for the appellant insists that a passenger finding money lost by another passenger, in a car, has no right to the possession of such money as against the company, but that the company is entitled to demand and retain it for the owner. I do not think the plaintiff can raise this question in the present action. If the counsel is right, the verdict of Haws against the company was against law; and the error must be corrected, if at all, in the action in which it was rendered. Equity does not interfere to restrain the collection of a judgment upon the ground that it was erroneously rendered, but only upon the ground that enforcing it would be contrary to equity and good conscience, as shown by facts of which the party could not avail himself as a defence, or when he was prevented from so doing, without any fault of his own, by the fraud of the other party. The plaintiff in this action must be held as assuming that the verdict was legally and properly rendered, and that from some subsequent fact, or facts of which he could not avail himself as a defence, the collection of the verdict would be entirely inequitable. This he has so shown; and the further proceedings of Haws should be restrained.
But the further question arises as to the terms upon which this should be done. Assuming, as we have seen we must, that Haws was right in commencing the action and prosecuting it to trial and verdict, and that his further proceedings should be restrained on the ground of facts thereafter arising, he should be paid his taxable costs of those proceedings. The plaintiff calls upon the court to enjoin him upon equitable grounds; and this will only be done by requiring the plaintiff to do equity. Haws properly incurred these expenses and should be reimbursed therefor by the plaintiff. These costs are given, by law, to the successful party as an indemnity for the expenses incurred. If Haws has expended anything beyond this, in prosecuting the action, he must sustain the loss. He prosecuted the action for his own benefit, as it is manifest the owner was equally safe with the money in the hands of the plaintiff as in his. These costs are all he could *Page 182 
retain as against Mallady, had he collected the money from the plaintiff before the demand was made by him. Haws will, therefore, be in the same position he would have been had he collected the money and Mallady had sued him therefor. He would have lost what he had expended in the action if anything beyond the taxable costs. The case, as between the plaintiff and Mallady, is not by the appeal brought before the court for review. Whether the judgment as to those parties should be made final, cannot be considered.
The judgment of the General Term must be reversed, and that of the Special Term modified, by requiring the plaintiff to pay to Haws his taxable costs of the action brought by him against the plaintiff, and, as so modified, affirmed, without costs to any of the parties.
All concur; RAPALLO, J., not sitting.
Judgment accordingly.