CITIZENS' NAT. BANK OF DAVENPORT *v.* IMPORTERS' & TRADERS' NAT. BANK.

(*Supreme Court, General Term, First Department.* June 19, 1888.)

1. BANKS AND BANKING—CHANGING NAME OF PAYEE—RIGHTS OF DRAWER.
   Where a payee of a check specially indorses the same, and the indorsements are fraudulently erased, and other payees substituted, payment to the substituted payees will not avail in an action on the checks by the drawer against the bank, on the ground that because the title to a check can pass without indorsement, possession is evidence of title, without showing that the indorsers had transferred their title to somebody else.

2. SAME—PAYMENT OF CHECK ON FRAUDULENT INDORSEMENT—ACTION AGAINST BANK.
   In an action by the drawer of certain checks against the drawee, where a clerk of the payees, having authority to indorse the checks for business purposes, fraudulently indorses them for other purposes, no arrangement between the payees and the clerk can avail defendant, the right of action of the drawer arising upon the refusal of the drawee to pay the checks to the rightful holder, and defendant has nothing to do with what afterwards became of the checks.

3. SAME—INDORSEMENT OF CHECK BY AGENT—NOTICE OF AGENT'S AUTHORITY.
   An indorsement in such case to persons who did not know that the clerk ever had authority to indorse for any purpose, conveys no title.

Appeal from circuit court, New York county.

The Citizens' National Bank of Davenport, Iowa, drew 10 bills of exchange on the Importers' & Traders' National Bank of New York to the order of W. C. Wadsworth & Co., who, as to all but two of the drafts, specially indorsed them. Their clerk fraudulently erased these indorsements, and substituted other payees, and also indorsed the others. The drafts thus came into the hands of the Fourth National Bank, and were paid to them, by the Importers' & Traders' National Bank, and returned as vouchers to the Citizens' National Bank, and were again presented for payment, which was refused under claim of former payment. On suit brought, judgment was rendered for plaintiff, and defendant appeals.

Argued before VAN BRUNT, P. J., and DANIELS and BARTLETT, JJ.

*A. R. Dyett,* for appellant. *G. Wadsworth,* for respondent.

VAN BRUNT, P. J. Most of the questions which are presented upon this appeal were determined in favor of the plaintiff when this case came up on a previous appeal before this court from a judgment entered in favor of the defendant upon a dismissal of the plaintiff's complaint; and it is not necessary here to reconsider the questions which were then settled in favor of the plaintiff. The report of the case is to be found in 44 Hun, 386. Upon that appeal it was determined that, while a check drawn by a drawer against a bank account does not operate as an assignment of so much of the account, it authorizes the payee, or one to whom he has indorsed and delivered it, to make a demand; and the refusal of the bank to pay on presentation gives the drawer a right of action in case he has funds in bank to meet the check, and the refusal was without his authority. This right of action exists entirely independent of what the relations are as between the drawer and payee of the check. It is not necessary, in order that this right of action shall arise, that the drawer shall take back the check from the payee's hands, because the action is not

upon the check, but upon the breach of the contract entered into between the depositor and the depositary, Such being the case, the defendant became liable to the drawer when presentation was made by the lawful holder of those checks, and payment thereof refused for the amount of each check; and it is entirely immaterial, as far as this cause of action is concerned, as to whether the drawer has reimbursed the drawee or not. *Rector, etc.,* v. *Higgins,* 48 N. Y. 532.

The only points which seem to be presented upon this appeal which differ from those which were considered when the case was before the court upon the previous appeal, are the fact that the defendant has paid the amount of these checks to the Fourth National Bank, who had possession of the same, and the exception raised by the refusal of proof as to the arrangements between the drawers of the checks and Mr. Bennett, who it was claimed had fraudulently forged indorsements upon the checks. In order to entitle the defendant to justify its refusal upon the plea of payment, it was incumbent upon it to show that the person to whom payment was made was authorized to receive payment; the more especially as in the case at bar there had been fraudulent alterations which absolutely vitiated, as far as the conveyance of any title to the check was concerned, the indorsement made by Wadsworth & Co., the payees of the checks. Wadsworth & Co., as far as all except two of the checks were concerned, had made special indorsements of the checks. These indorsements had been erased fraudulently by their clerk, and the names of other payees substituted, and it was through these indorsements thus fraudulently made that the check passed into the possession of the Fourth National Bank. Under these circumstances, the claim that because the title to a check can be passed by delivery without indorsement mere possession is evidence of title, cannot prevail; something else must be proved on the part of the party justifying the payment. Wadsworth & Co. having shown that these checks were specially indorsed, the defendant could justify their payment only by showing that the indorsers had transferred their title to somebody else. This the proof utterly fails to show. As to the checks that were indorsed by Bennett in the names of Wadsworth & Co., it is sufficient to say that these indorsements conveyed no title, because Bennett had no authority to make them. His authority was limited. It was to indorse checks for business purposes; and there is no claim that these checks were indorsed in Wadsworth & Co.'s presence, or that any person who received any one of these checks after they had been indorsed by Wadsworth & Co. ever knew that Bennett had any authority whatever under any circumstances to make indorsements, and consequently could not have relied upon the same. They must, therefore, claim title upon showing strict right in Bennett to use the name of Wadsworth & Co. This they did not do. It was shown that these checks were not indorsed by Bennett for any business purposes of Wadsworth & Co., and consequently he had no power to make the indorsement by which he assumed to convey the title to those checks. The condition of the accounts, or the arrangement between Bennett and Wadsworth & Co., after the discovery of the forgeries which he had perpetrated upon them, was of no consequence to the defendant whatever. The plaintiff might enter into an investigation of those circumstances, perhaps, when Wadsworth & Co. made their claim to the amount of these checks; but the right of action of the plaintiff against the defendant arose at the moment that payment to the true holder was refused, and as to what subsequently became of these drafts the defendant had nothing whatever to do. There is no question as to the good faith of the defendant in its refusal to pay the checks upon the second presentation. But the legal rights of the parties were thereby established. The checks were presented by the true owners thereof, they never having parted with their title to the persons through whom the Fourth National Bank derived possession thereof. The defendant, having paid these checks to the Fourth National

Bank, if that bank had no title whatever to the possession thereof, has its remedy against the receiver of the money. We are of opinion therefore, that the judgment appealed from must be affirmed, with costs.

BARTLETT and DANIELS, JJ., concur.