(43 App. Div. 173.)

BROWN v. MECHANICS' & TRADERS' BANK.

(Supreme Court, Appellate Division, First Department. July 18, 1899.)

1. PRINCIPAL AND AGENT—INDEMNITY TO AGENT—ACCRUAL OF ACTION.
Where the nature of the obligation assumed by a principal to protect his agent is an implied contract to indemnify against loss, and not against liability, a cause of action does not arise until the agent has sustained damage, and he cannot recover in an action commenced before that time, although he pays the liability after the commencement of the action.

2. REFEREE'S REPORT—FAILURE TO STATE FACTS SEPARATELY—JUDGMENT.
Where a referee fails to comply with Code Civ. Proc. § 1022, providing "that the report of a referee upon the trial of the whole issue of fact may state separately the facts found," the appellate court may grant to either party the judgment that the facts warrant.

Appeal from judgment on report of referee.

Action by Timothy Y. Brown, executor, against Mechanics' & Traders' Bank. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and INGRAHAM, JJ.

Walter M. Rosebault, for appellant.
Michael H. Cardozo, for respondent.

INGRAHAM, J. This action has been tried three times. On the first trial the defendant had a judgment, which, on appeal to the general term of the supreme court, was reversed, and a new trial ordered. 12 N. Y. Supp. 861. In the opinion upon that appeal it is stated that:

"This action has been brought to recover the amount of a deficiency remaining after the sale of mortgaged premises, upon the foreclosure of a mortgage executed by the testator to secure his bond. He was the president of the defendant, and the theory of the action is that he gave the bond and mortgage for the use and benefit of the defendant, and that the defendant is equitably bound to pay this deficiency. The plaintiff gave evidence tending to prove these facts, and requested the referee to find them to have been proven, but he refused to do so, and to his refusal the plaintiff excepted. Included within these refusals are the requests to find that the defendant paid the larger portion of the purchase price of the land when the title to it was obtained; that the testator at no time held the title otherwise than nominally and in

trust for the defendant; that the title was conveyed to him to enable him to mortgage the land and borrow the money secured for the defendant, and in making the bond and in incurring the debt he acted for and in the interest of the defendant, and as its agent. If these facts, excluding the object of the conveyance, had been found in the plaintiff's favor, then the question would have arisen whether the testator had not incurred this liability so far in the nature of a surety for the defendant as to obligate it to protect his estate by satisfying this deficiency; for it is the duty of the principal from whom a legal liability may be incurred to save, not only the surety, but also persons substantially in the attitude of a surety, from losses, or the liability for losses, arising out of that relation. It therefore becomes necessary to examine the evidence, to discover whether this was in fact the position of the testator."

The court then examined the evidence, and came to the conclusion that the facts which the referee was asked to find were proven, and then continues:

"Whether the action can be maintained with these facts found in behalf of the plaintiff it is not proper now to consider, for on that subject the referee has not acted. They are indispensable for the presentation of that point, and it is by no means so clear that the action cannot be sustained if these facts are found, so as to justify a decision against the plaintiff. The facts that the judgment has not been entered declaring the amount of the deficiency, and that the plaintiff has paid no part of it, subject his action, at least, to doubt; but the right of the estate to indemnity, under the broad principles of equity, maintaining the protection of sureties and others standing in like relations, may prove sufficient to remove this doubt. At the present time that is not a practical question, and when it shall become such will be the time for its more careful examination."

It would thus appear that the question as to the liability of the defendant upon these facts was not determined by the court on that appeal, but the question was left to be subsequently determined upon the new trial which was then ordered. Upon the second trial it appears that the plaintiff had a judgment, which, upon appeal to this court, was reversed. 16 App. Div. 208, 44 N. Y. Supp. 645. In the opinion upon that appeal the facts are discussed, and the question reserved upon the former appeal was considered. Mr. Justice Rumsey, in delivering the opinion of the court, says:

"There was no express contract of indemnity between the bank, and Brown as its agent, but whatever duty arose towards him was one which was implied from the existence of the relation of principal and agent. This fact takes the case at once out of the principle established by those cases which are based upon an express contract between the parties."

The contract of indemnity which the law implies from the relation of principal and agent is then considered, and it is said:

"But the implied contract goes no further than justice and equity requires it should go to protect the agent. So long as he suffers no loss because of his liability, there is no reason why the agent should call upon his principal for any reimbursement. Justice requires that the principal should step in to protect him, only when it appears that because of the duty which he assumed towards his principal he has suffered some loss which ought to be made good to him. * * * To limit this implied contract of indemnity to indemnify against loss merely, would seem to be the more reasonable rule, and one which is best calculated to subserve the interest of both parties, and it seems to be the rule which is laid down in the books."

And, as it did not appear upon the trial of the action that the plaintiff had been compelled to pay any amount of the deficiency judgment against him, a new trial was ordered. Upon the trial it

appeared that long after the commencement of the action, on April 6, 1888, the plaintiff paid to the mortgagee the amount of the deficiency judgment, with interest to date of payment, and upon this evidence the referee has allowed a recovery against the defendant. Upon the former appeal to this court, the nature of the obligation which was assumed by the principal to protect his agent was determined to be an implied contract to indemnify against loss, and not against liability. Accepting this as the contract or obligation that existed as between the parties to the transaction, the question is then presented whether any cause of action exists in favor of the agent against his principal until after the agent shall actually have been damnified. The learned referee proceeded upon the theory that, a cause of action having arisen upon the failure of the principal to save the agent from liability for which the agent would be entitled to recover nominal damages, proof that, after the commencement of the action, the agent had actually paid the liability, would entitle him to recover the amount that he had actually paid, in addition to the nominal damages against the principal which existed when a liability was incurred by the agent. If, however, the cause of action arose only when the agent was damnified, then the referee in his conclusion was wrong, and no cause of action existed when the action was commenced.

The distinction between an agreement to indemnify against liability and an agreement to indemnify against actual loss is well settled, and has been many times applied in actions brought upon contracts of this character. In a case of a contract to indemnify against liability, there is a breach of the contract the moment the liability is imposed upon the party to be indemnified, and a cause of action at once arises, which entitles the obligee to maintain an action to recover for the breach, but that right arises because of the fact that there was a breach of the contract. In the case of a contract to indemnify against loss, however, it cannot be said that there is a breach of the contract until the obligee has sustained damage. That has been the settled law of this state since Gilbert v. Wiman, 1 N. Y. 550. In that case the defendants executed a bond conditioned that "if the said Stephen Luce shall so demean himself, in all matters touching his duty as such deputy sheriff, that the said sheriff shall not sustain any damage or molestation whatsoever by reason of any act from this date done, or any liability incurred by and through said deputy, then this obligation to be void," etc. It was held that this was a bond of indemnity against damage, and that no cause of action was stated without an averment that the plaintiff had paid something on the judgment which had been obtained against the obligee on account of the neglect of the deputy sheriff. The court said: "The plaintiff, having failed to establish a breach of the condition of the bond, was not, in strictness, entitled to nominal damage." This case has been followed by a long line of cases, and has never been questioned. They are referred to in Rector, etc., v. Higgins, 48 N. Y. 535, where the distinction is again emphasized. Judge Leonard says: "The rule may be definitely drawn from numerous cases that, when indemnity only is

expressed, damage must be sustained before recovery can be had." And in Maloney v. Nelson, 144 N. Y. 182, 39 N. E. 82, in referring to Rector, etc., v. Higgins, Judge Peckham says: "Various cases are cited in the course of the opinion of Judge Leonard, showing the distinction which I have above stated, and holding that, in case of mere indemnity, damage must be proved by showing payment of some kind before the cause of action accrues." As the complaint does not allege that the plaintiff did actually make such payment, and as it appears from the evidence that neither the plaintiff's intestate nor the plaintiff paid any part of the obligation until long after the commencement of this action, it is clear that there can be no recovery by the plaintiff.

As the decision of the referee did not state the facts separately, under section 1022 of the Code we are authorized to grant to either party the judgment that the facts warrant. As the case has been three times tried, and as the obligations of the parties have now been determined, we can now direct judgment dismissing the plaintiff's complaint, and give judgment in favor of the defendant against the plaintiff for the amount due on the counterclaim, which the referee has found is the sum of $8,406.55.

The judgment is therefore reversed, and judgment directed for the defendant against the plaintiff for $8,406.55, with interest from August 1, 1898, and costs. All concur.