ELLIS v. McGOVERN et al.

(Supreme Court, Appellate Division, First Department. November 8, 1912.)

1. APPEAL AND ERROR (§ 931*)—REVIEW—FINDINGS—MOTION FOR VERDICT BY BOTH PARTIES.

On review of a case tried without a jury, in which motions for judgment were made by both sides at the close of the evidence, every fact necessary to support the judgment as entered must be regarded as found.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3728, 3762–3771; Dec. Dig. § 931.*]

2. JUDGMENT (§ 951*)—ACTION ON JUDGMENT—PLEA SHOWING VACATION— BURDEN OF PROOF.

Where, in an action on a judgment, the defendants set up a judgment of another state, and the plaintiff, by a plea, set up an·order of the same court vacating such judgment, the burden is on the defendants to impeach the order.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1808–1812; Dec. Dig. § 951.*]

3. JUDGMENT (§ 946*)—VACATION—NONRESIDENT PLAINTIFFS—NOTICE TO ATTORNEY—SUFFICIENCY.

Code Civ. Proc. Cal. § 283, provides that an attorney shall have authority to bind his client in any of the steps of an action or proceeding by his agreement filed with the clerk or entered upon the minutes of the court, and not otherwise, and to receive money claimed by his client in an action or proceeding during the pendency thereof or after judgment, unless a revocation of his authority is filed, and upon the payment thereof, and not otherwise, to discharge the claim or acknowledge satisfaction of the judgment. Persons who were nonresidents of California employed an attorney to obtain the enforcement of a Wisconsin judgment in the courts of that state. Upon a reversal of the original judgment in Wisconsin, an order setting aside the California judgment was made, after service of notice upon the attorney who secured it. *Held*, that the California court had jurisdiction to enter the order upon notice to such attorney.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1785; Dec. Dig. § 946.*]

4. APPEAL AND ERROR (§ 1180*)—ENTRY TO ENFORCE A FOREIGN JUDGMENT— EFFECT OF REVERSAL OF FIRST JUDGMENT.

Where a judgment upon which a judgment in another jurisdiction was founded was subsequently reversed and a judgment in favor of the opposite party entered upon a counterclaim, the reversal and judgment entered would constitute a good defense to an action on the foreign judgment as matter arising subsequently thereto, and would destroy its effect as a defense in an action on the judgment entered after the reversal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4626–4631, 4658, 4659; Dec. Dig. § 1180.*]

Appeal from Trial Term, New York County.

Action by George C. Ellis, as ancillary administrator, against Thomas B. McGovern and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

William B. Ellison, of New York City, for appellants.
Gilbert E. Roe, of New York City, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

MILLER, J. On the 3d day of April, 1897, in an action wherein the plaintiff's testator was defendant, and these, defendants were plaintiffs, a judgment was rendered in the circuit court of Rock county, Wis., in favor of the plaintiff therein for the sum of $3,294.83. Thereafter an appeal was taken to the Supreme Court of that state, which reversed the judgment and decided that the defendant therein, the said testator, was entitled to a judgment in the sum of $1,507.25 upon a counterclaim interposed by him, and accordingly judgment was entered for said sum in his favor in the circuit court of Rock county, Wis., on the 24th day of April, 1899. Intermediate the rendition of the first judgment and its reversal, the plaintiffs in that suit, the defendants herein, brought suit on said judgment in the state of California, and a judgment therein was entered by default on the 12th day of January, 1899. After the reversal of the Wisconsin judgment, a motion was made in the superior court of San Francisco on behalf of the defendant in said action, the plaintiff's testator, to vacate the California judgment. Notice thereof was served upon Mr. Pomeroy, the attorney for the plaintiffs in said action, these defendants, who claimed that his authority to represent his clients had terminated, and therefore did not appear to oppose the motion, which was submitted to the court without opposition, and on the 26th day of December, 1899, an order was entered vacating and setting aside said judgment. This suit is brought by the plaintiff on the Wisconsin judgment, entered in favor of his testator, as aforesaid. The defendants pleaded the California judgment in their favor as a counterclaim, and in reply the plaintiff set up the order of December 26, 1899, and that the Wisconsin judgment upon which the California judgment was based was reversed by the Supreme Court of the state of Wisconsin after the entry of the latter judgment.

At the close of the evidence, both sides moved for a direction of a verdict, and the motion of the plaintiff was granted. The learned trial court put its decision upon the ground that, irrespective of whether the California court had jurisdiction to make the order of December 26, 1899, the validity of the order could not be questioned in this action. We have reached the same result but upon different grounds.

[1] Where, in a jury case, motions are made for judgment by both sides at the close of the evidence, the facts are submitted to the court, and, of course, the general rule must be that in such case every fact necessary to support the judgment is to be regarded as found.

[2] In this case the court made express findings, but did not expressly find what the California law was on the subject of the validity of the said order of December 26, 1899, except inferentially in refusing to find as requested by the defendant. Of course, the burden was upon the defendant to impeach the said order, and, in the absence of an express finding to the contrary, we think we are at liberty to affirm this judgment on the ground that the said order was not void for want of jurisdiction of the court to make it or at least that the defendant has failed to establish such invalidity.

[3] The appellant attacks the jurisdiction of the California court

to make the order in question upon two grounds: First, that, after the lapse of six months, the court had no jurisdiction to vacate its judgment on motion, but that relief could only be obtained by an action in equity; and, second, that service of the notice of motion on the attorney more than six months after the entry of judgment was a nullity and insufficient to confer jurisdiction. The testimony of the expert witnesses, two for the defendants and one for the plaintiff, is diametrically opposed as to the law of California on both of those questions. No California case is cited by either on the precise question of the remedy of a party against whom a judgment has been rendered on a judgment of another state, which has subsequently been reversed by the courts of that state. Sections 473 and 939 of the Code of Civil Procedure of the state of California are cited, and particularly relied upon by the experts for the defendants. Section 473 provides for relief from a judgment, order, or other proceedings taken against a party "through his mistake, inadvertence, surprise or excusable neglect." Section 939 provides that an appeal may be taken from a final judgment in an action or proceeding within six months after the entry of the judgment. Neither applies to this case. Section 283 is also cited on the authority of an attorney to represent his client after judgment. That section provides:

"Section 283. An attorney and counsellor shall have authority:

"(1) To bind his client in any of the steps of an action or proceeding by his agreement filed with the clerk or entered upon the minutes of the court, and not otherwise.

"(2) To receive money claimed by his client in an action or proceeding during the pendency thereof, or after judgment, unless a revocation of his authority is filed, and upon the payment thereof and not otherwise to discharge the claim or acknowledge satisfaction of the judgment."

That does not cover this case except inferentially, for, in the absence of anything to the contrary, it would seem plain that an attorney who had authority in the absence of the filing of a revocation to receive payment of a judgment and to acknowledge satisfaction thereof would at least have authority to defend the judgment against a motion to vacate it. The case of Knowlton v. McKenzie, 110 Cal. 183, 42 Pac. 580, is cited. That case is not directly in point, but a dictum in the opinion is pertinent. It is to this effect:

"For the purpose of prosecuting or defending an action, the authority of an attorney ordinarily terminates with the entry of judgment except for the purpose of sustaining and enforcing the judgment, or seeking to have it set aside or reversed."

The plaintiffs in the California action, the defendants in this, were nonresidents of the state of California, and it was impossible to get personal service upon them within the state. The logical conclusion of the defendant's argument is that, after the lapse of six months from the entry of the judgment, the defendant could not obtain relief in the courts of California, although the judgment upon which it was based should be reversed after the expiration of that period, and indeed their principal expert distinctly so testified.

Of course, the plaintiff's testator upon a reversal of the Wisconsin judgment was entitled to be relieved of the California judgment. It

was for the courts of California to decide upon the appropriate remedy for affirmative relief, whether by the ancient, cumbersome, and expensive remedy of action, or by the more modern, simple, direct, and inexpensive remedy of a motion in the action. The attorney who procured the order testified that he submitted authorities in support of the motion, that it was taken under advisement by the court, and that subsequently the order was made. That is the only decision of the courts of California referred to in this record which is precisely in point, and we think that the force of it has not been overcome. See Laing v. Rigney, 160 U. S. 531, 16 Sup. Ct. 366, 40 L. Ed. 525.

[4] Moreover, we think that, irrespective of the validity of the order of December 26, 1899, the plaintiff was entitled to show the reversal of the Wisconsin judgment as a defense to the California judgment based upon it precisely as payment or a discharge in bankruptcy might be availed of as a defense. The distinction must be kept in mind between matter arising after judgment which should preclude the enforcement of it and matter which could have been pleaded as a defense to the action in which it was rendered. If the plaintiff's testator had paid the California judgment upon its rendition, he would plainly have been entitled to restitution upon a reversal of the judgment upon which it was based, either by motion in the action or by a separate action to recover the sum paid. See Haebler v. Myers, 132 N. Y. 363, 30 N. E. 963, 15 L. R. A. 588, 28 Am. St. Rep. 589. Such an action could be brought in any state in which jurisdiction of the parties could be obtained. A fortiori, when assailed by the judgment in any jurisdiction where justice is administered, he should be permitted in defense to avail of matter arising subsequently to the judgment, and which could not therefore have been pleaded in the action, in case such new matter does, in fact, constitute a defense to the claim upon which the judgment was founded. See McDonald v. Davis, 105 N. Y. 508, 12 N. E. 40; Clark v. Rowling, 3 N. Y. 216, 53 Am. Dec. 290. We can perceive no distinction in principle between the case of a discharge in bankruptcy occurring after judgment, and the subsequent reversal of the judgment, upon which the action was brought. The principle is that there is no such merger as to prevent the court from looking behind the judgment to see upon what it is based.

The judgment should be affirmed, with costs. All concur.