755 SEVENTH AVENUE CORPORATION, Appellant, *v.* EARL CARROLL, Respondent, Impleaded with Another.

158

(Argued January 4, 1935; decided January 15, 1935.)

*Joseph L. Greenberg* for appellant. The undertaking of the respondent is an absolute promise to pay for labor and materials used in the construction of the theatre, and not merely a promise to indemnify for loss. (*Brown* v. *Mechanics & Traders Bank*, 43 App. Div. 173; *Belloni* v. *Freeborn*, 63 N. Y. 383; *Kohler* v. *Matlage*, 72 N. Y. 259.) The sale under the mechanics' lien foreclosure judgment and the sale under the first mortgage judgment of foreclosure could not possibly affect the plaintiff's right to the judgment theretofore granted, since respondent's liability had accrued on his bond upon the filing of the mechanics' liens against the property of plaintiff for which it was liable to sale. (*Hartford Acc. & Ind. Co.* v. *Federal Bond & Mortgage Co.*, 59 Fed. Rep. [2d] 950; *Stuart* v. *Carter*, 79 W. Va. 92; *Friend* v. *Ralston*, 35 Wash. 422.)

*David Vorhaus* and *Joseph Fischer* for respondent. As the result of the mechanics' lien foreclosure sale, which occurred after the final submission of the motion for summary judgment, it conclusively appears that plaintiff has sustained no greater damage than the amount bid at the mechanics' lien foreclosure sale. (*Rector, etc., of Trinity Church* v. *Higgins*, 48 N. Y. 532; *Belloni* v. *Freeborn*, 63 N. Y. 383; *Brown* v. *Mechanics & Traders Bank*, 43 App. Div. 173; *Schwartz & Co.* v. *Aimwell Co.*, 227 N.Y. 184.) Respondent was entitled to the relief granted. (*Schwartz & Co.* v. *Aimwell Co.*, 227 N. Y. 184; *Rector, etc., of Trinity Church* v. *Higgins*, 48 N. Y. 532.) Relief was properly sought by motion. (*Clark* v. *Rowling*, 3 N. Y. 216; *Wetmore* v. *Law*, 34 Barb. 515; *Heckling* v. *Allen*, 15 Fed. Rep. 196; *Mallory* v. *Norton*, 21 Barb. 424; *Smith* v. *McCluskey*, 45 Barb. 610; *Vanderbilt* v. *Schreyer*, 81 N. Y. 646.)

HUBBS, J. Appellant owned land in the city of New York which was mortgaged. On June 14, 1930, the Earl Carroll Realty Corporation took a long-term lease of the property agreeing to erect thereon a new theatre and to pay the entire cost and expense of erection, completion and equipment thereof. On the same date, the respondent Carroll personally executed a construction bond under seal by which he unconditionally guaranteed " That the Earl Carroll Realty Corporation * * * will pay the entire cost and expenses of erection, completion and equipment of said first new theatre building." When the theatre was finished, the Earl Carroll Realty Corporation had not paid for part of the construction and part of the materials and equipment. Mechanics' liens were filed against the property. The lienors brought an action to foreclose the mechanics' liens. Appellant, prior to determination of the mechanics' lien action, brought this action against the respondent on his indemnity bond to recover the amount of the liens as filed and recorded against the property and moved for summary judgment.

Upon the return of the motion, it appearing that the action for foreclosure of the liens was pending, an order was entered denying the motion on the ground that in the pending mechanics' lien action, the amount due to the various lienors was in issue and the amount of their claims should be first properly determined in that action. The action for foreclosure of the mechanics' liens was subsequently tried and the amount of the liens adjudicated to be $118,116.83. The judgment directed the sale of the property to satisfy the mechanics' liens and on August 1, 1933, the property was sold for the sum of $250 to one of the lienors. The motion for summary judgment in this action had previously been renewed after the amount of the liens had been fixed and judgment granted in the lien action for the sum of $118,116.83, and on August 1, 1933, a summary judgment was granted herein against the respondent Earl Carroll in the sum of $118,116.83. This judgment was docketed on August 3, 1933.

After the commencement of this action and after the making of the first motion for summary judgment herein, an action was brought to foreclose the mortgages on the real property which resulted in a judgment of foreclosure and sale, and on August 18, 1933, seventeen days after the sale under the judgment foreclosing the mechanics' liens, the mortgagee, under its foreclosure judgment, held a a sale and bought in the property for the sum of $1,000,000, with a resulting deficiency judgment against appellant in the amount of $627,608.61. Thereupon, the respondent Carroll moved at Special Term for an order to show cause why all proceedings on the part of the appellant for the collection or enforcement of the judgment in this action should not be stayed and the judgment vacated and discharged. This resulted in the order in question here made on the 26th day of February, 1934, vacating and discharging the judgment herein except as to the amount of $250. The last mentioned order was unanimously affirmed by the Appellate Division. The ques-

tion presented on this appeal is whether the court was justified, under the facts as shown, in reducing the amount of the judgment to $250, the amount realized on the sale of the property in the action brought for foreclosure of the mechanics' liens.

A contract to indemnify against liability is breached the moment the liability is imposed and a cause of action arises because of the fact of the breach. In a contract to indemnify against loss there is no cause of action until the obligee has sustained damage. (Cf. *Brown* v. *Mechanics & Traders' Bank,* 43 App. Div. 173, 176.)

Under that rule, the appellant had a cause of action. It is conceded that after the amount of the mechanics' liens had been fixed by the judgment in the mechanics' lien action, the summary judgment for $118,116.83 granted in this action was proper. The judgment in the mechanics' lien action made definite and certain the liability of the defendant under the contract and his agreement " to pay " became fixed. The fact that the appellant had not paid the amount of the judgment in the mechanics' lien action was not a defense in this action. (*Rector, etc., of Trinity Church* v. *Higgins,* 48 N. Y. 532.)

The dicta in that case to the effect that the defendant there might after the entry of the judgment pay the taxes for the amount of which the judgment had been rendered and apply to the court to reduce the amount of the judgment by the amount which he paid to release the tax lien is relied upon by the respondent here, who urges that the foreclosure of the mechanics' liens and the cancellation of those liens by the sale on foreclosure for $250 had the same effect as though the defendant had paid the amount of the mechanics' liens because it removed the liens from the property.

It is to be noted that as a part of the dicta in *Rector, etc., of Trinity Church* v. *Higgins* the court said: "A court of law is vested with such equitable power that, upon application after such payment, proceedings for the

collection of the judgment, except as to the costs would be stayed " (p. 539).

Here there was no payment by respondent of the mechanics' liens. The appellant, against its will, was, by respondent's breach, placed in a position where it either had to pay the liens or lose its property. The fact that it was unable or unwilling to pay the amount of the judgment in the mechanics' lien action did not excuse the respondent from paying as he had agreed under his contract. Under appellant's argument, if the tax liens under consideration in *Rector, etc., of Trinity Church* v. *Higgins* had, after ten years, been canceled for a reason other than the act of the defendant in paying the liens, a right would have existed in the defendant to come into court and have the amount of the tax liens credited on the judgment even though he had not paid them and even though a mortgage had been foreclosed against the property because of his default in paying the identical tax liens.

The law is that any matter to be available on an application for cancellation or reduction of a judgment must be new matter which could not have been foreseen and, therefore, pleaded as a defense in the action. The claim here is that the sale on the mechanics' lien judgment has established that appellant's equity in the property was only $250. The fact that appellant's equity in the property was limited to $250 could have been pleaded in the action. In fact, it was asserted by respondent's affidavit upon the motion for summary judgment. There is not presented, therefore, within the rule, a new situation which arose subsequent to the entry of the judgment and which could not have been pleaded in the action.

As was said in *Ellis* v. *Delafield* (153 App. Div. 26, 31): " The distinction must be kept in mind between matter arising after judgment which should preclude the enforcement of it, and matter which could have been pleaded as a defense to the action in which it was rendered." A

motion of this nature is usually based upon an allegation of payment of the judgment or that the judgment has been discharged in bankruptcy.

The respondent does not allege that he did anything to restore the appellant to the position it would have been in if respondent had not breached his bond. Respondent could have paid the liens or bid in the property for the benefit of the appellant. He failed to do either. The indemnity agreement was breached the moment the liability was imposed by the filing of the liens, though the amount was not fixed until the judgment in the lien action was rendered on May 26, 1933. Respondent has offered no evidence as to the value of the property at the time when the liens were filed or when the judgment in the lien action was rendered, nor does the sale in the lien action establish the value of the property when the liens were filed or the judgment in the lien action entered. Nor is there evidence of value as to any time between those earlier dates and the date of sale. How great may have been appellant's damage as a result of the failure of respondent to fulfill his contract and pay for the improvements cannot be determined by the amount realized on a sale months after the breach. As a result of respondent's default, appellant has lost title to its property and the effect of the order here under consideration is to take from appellant also the indemnity against that very danger as to which among other things it contracted with respondent.

In *New York & Harlem R. R. Co.* v. *Haws* (56 N. Y. 175, 178) it was said that equity will restrain the collection of a judgment when it will be contrary to equity and good conscience to permit it to be enforced. In that case a passenger found money in a railroad car and gave it to the conductor to be delivered to the treasurer of the company to be returned to the owner. No one having claimed the money, the finder sued the railroad company and recovered judgment. The owner then appeared and

demanded the money of the railroad company. The railroad company sued in equity to cancel the judgment against it and the court held that the judgment should be canceled as facts occurring subsequent to rendition of the judgment made it contrary to equity and good conscience for the railroad company to be required to pay the judgment, and also to pay the true owner.

Story on Equity Jurisprudence ([11th ed.] vol. 3, § 1572) states the rule as follows: An injunction will issue to restrain enforcement of a judgment because of facts subsequent to entry if " it would be a virtual fraud in the party recovering at law now to insist upon enforcing his judgment." That is a correct statement of the general rule.

In this case there is no fraud in requiring the respondent to pay according to the terms of his obligation and no new situation arose subsequent to the entry of the judgment which could not have been foreseen and, therefore, pleaded as a defense in the action. Certainly what the property sold for upon a foreclosure sale, under the conditions then existing in the real property market, is no certain guide to the value of the property at the time the mechanics' liens were filed and respondent breached his contract, and, hence, no certain guide to the damage sustained by the owner.

The order of the Appellate Division and that of the Special Term should be reversed, with costs in all courts, and the motion denied.

CRANE, Ch. J., LEHMAN, O'BRIEN, CROUCH and LOUGHRAN, JJ., concur; FINCH, J., not sitting.

Order reversed, etc.