ROBERT COLSON, Plaintiff, *v.* MABUR REALTY CORP. et al.,
Defendants.

City Court of the City of New York, Special Term, New York County,
December 24, 1948.

*Irving S. Freedman* for Mabur Realty Corp., defendant.

*Henry M. Katz* for plaintiff.

COLEMAN, J. The plaintiff, relying upon an order of the area rent director who had directed the defendant, plaintiff's landlord, to refund overcharges of rent, brought an action against the landlord for the overcharge trebled (Emergency Price Control Act of 1942, § 205, subd. [e], as amd.; U. S. Code, tit. 50, Appendix, § 925, subd. [e]). On plaintiff's motion for judgment upon the pleadings, the court ordered judgment in his favor for the amount of the overcharge and directed that the action continue to trial to determine the plaintiff's right to any damage above that amount. Judgment was entered October 3, 1947. There was no appeal and the judgment remains unsatisfied; and the action has not yet come to trial.

On October 21, 1948, the order of the area rent director was modified by the housing expediter who deleted from it the pro-

vision for refund of excess rentals. The defendant now moves (1) to vacate the judgment of October 3, 1947, (2) to file an answer setting up the order of the housing expediter, and (3) for summary judgment in its favor dismissing the complaint.

As to the first motion, I think it should be granted. Quite apart from section 522 of the Civil Practice Act which permits the making of a motion (within two years, section 528) to set aside a judgment " for error in fact not arising upon the trial," " Courts have always control over their own proceedings, and where there is not express prohibition, may deal with them so that what is right and just may be reached." (*Matter of City of Buffalo,* 78 N. Y. 362, 370. Cf. *Ladd* v. *Stevenson,* 112 N. Y. 325; *Manahan* v. *Petroleum Producing & Refining Co.,* 198 App. Div. 192; *Matter of Automatic Chain Co.,* 134 App. Div. 863, affd. 198 N. Y. 618.) Section 522 dealing with " errors in fact " does not prohibit the making of a motion of this kind; and it would be unthinkable to allow the plaintiff to take advantage of a judgment based upon an order of an administrative agency when that order after the entry of judgment was nullified by a higher authority within that agency. (Cf. *Block* v. *Thousand-friend,* 170 F. 2d 428.) A judgment based upon an earlier judgment later reversed certainly would be vacated by the court in which it was entered (cf. Restatement, Judgments, p. 544; *Ellis* v. *Delafield,* 153 App. Div. 26), and the consequence must be the same with a judgment based upon an administrative order that met a similar fate. The defendant here cannot be relieved from the burden of a judgment which it would be inequitable to enforce against it except by this motion (cf. *Parkhurst* v. *Berdell,* 110 N. Y. 386, 392–393), the present equivalent of a writ *audita querela* (cf. *Wetmore* v. *Law,* 34 Barb. 515). The judgment is vacated.

As to the other motions, the answer already submitted setting up as a defense the action of the housing expediter will be received as a supplemental answer. Based on that defense, proved by the order of the expediter, which is not controverted, the defendant's motion for summary judgment is granted, and the defendant may have judgment dismissing the complaint.

Settle order in accordance with the foregoing.