█    MARTIN RICHMOND, Appellant, v. L & H K REALTY CORP., Respondent. — Appeal by plaintiff from a judgment of the Supreme Court, Suffolk County, entered March 5, 1968 after a nonjury trial, which dismissed the complaint. Judgment affirmed, with costs. No opinion. Beldock, P. J., Christ, Rabin and Martuscello, JJ., concur; Benjamin, J., dissents and votes to reverse the judgment and to grant judgment to plaintiff, with the following memorandum: Plaintiff, an attorney at law, brought this action in equity to restrain and enjoin defendant from enforcing a judgment entered in its favor against him in the Civil Court of the City of New York, County of New York, on July 27, 1965 in the sum of $1,889. The sole question is the construction of a written guarantee by plaintiff of a debt and the effect on such guarantee of a settlement by the debtor with the creditor reached in a bankruptcy proceeding. The debtor tenant and the creditor landlord entered into a written lease dated October 27, 1964. The terms of the lease provided for the payment of $450 per month for the months of November and December, 1964, and January and February, 1965, which is one half of the agreed rental of $900 per month. The balance of $450 per month for these first four months was to be paid by the tenant to the landlord monthly, in May, June, July and August, 1965. Under the terms of the lease, plaintiff guaranteed payment of the deferred portions of the rent for the months of November and December, 1964, and January and February, 1965, amounting in all to the sum of $1,800. The

tenant paid only a total of $1,800 for the first four months. When the tenant was in default of its rent for the months of April and May, 1965, and before it had paid the portions of the rent for the months of November and December, 1964, and January and February, 1965, which were guaranteed by plaintiff, it was adjudicated a bankrupt. In the bankruptcy proceeding defendant filed a proof of debt for the rent in arrears, including the portion of rent guaranteed by plaintiff. Defendant commenced the action in the Civil Court, against the tenant and plaintiff, for the sum of $1,800, based on plaintiff's guarantee, and made a motion therein for summary judgment, which was granted; and a judgment against plaintiff for $1,889 was entered therein. The judgment was appealed to the Appellate Term. While that appeal was pending, defendant, as a creditor in the bankruptcy proceeding, which had been converted into a reorganization under chapter 11 of the Bankruptcy Act, and the bankrupt tenant entered into a stipulation before the Referee in Bankruptcy. Under the terms of the stipulation, and in return for mutual releases between defendant and the bankrupt tenant, defendant received the sum of $3,200 in cash and was allowed by waiver to retain the sum of $1,800 deposited with it as security for rent. Upon the argument of the appeal in the Appellate Term, plaintiff attempted to bring before the court the fact that defendant, by accepting payment and credit, was paid in full for the portions of rent guaranteed by plaintiff and for which judgment had been entered. The Appellate Term affirmed the granting of summary judgment and stated it did " not pass on the effect on the order and judgment of the stipulation of August 31, 1965, made after entry of the order and judgment." A court in equity has the power to restrain a defendant from using a judgment obtained against a guarantor to enforce payment of a debt which was paid by the debtor in bankruptcy proceedings subsequent to the obtaining of the judgment. When the debtor tenant paid the creditor landlord the sum of $3,200 in cash, as well as releasing security of $1,800, by the stipulation in the bankruptcy court, the payment included the claim for the deferred part of the rent for the months of November and December, 1964, and January and February, 1965. The payment or satisfaction of the principal obligation discharged the guarantor (*Brown* v. *Mason,* 55 App. Div. 395, affd. 170 N. Y. 584; *Union Trust Co.* v. *Willsea,* 275 N. Y 164). When the creditor accepted the payment of $5,000 from the debtor, that was payment in full for the portion of the first four months' rent which had been guaranteed by plaintiff. Accordingly, the guarantor was discharged of his obligation and should be allowed to enjoin the creditor from enforcing the judgment against him. Equity will restrain the collection of a judgment when it will be contrary to equity and good conscience to permit it to be enforced (*New York & Harlem R. R. Co.* v. *Haws,* 56 N. Y. 175; *755 Seventh Ave. Corp.* v. *Carroll,* 266 N. Y. 157). In my opinion, the guarantor of part of the rent for the first four months of a two-year lease was discharged when the debtor tenant made a settlement with the creditor landlord in the bankruptcy court, for the rent due under the lease, for a sum greater than the amount guaranteed; and, therefore, the judgment should be reversed and judgment granted to plaintiff. Any other result would be an extension of the guarantee from a limited one of $1,800 to a total guarantee of the entire lease, since under the logic of the majority opinion here a payment of $10,000 or $15,000 out of a possible $18,000 would still not be deemed payment of the first $1,800 due under the lease and guaranteed by plaintiff.