D. Obmonde Ritchie, J.
This is a motion for summary judgment.
The plaintiff and defendant were partners in a business. The partnership was dissolved on November 3, 1956, and on that day they entered into a written agreement whereby the plaintiff sold his interest in the business to the defendant.
Under paragraph 3 of said agreement, it was agreed “ That the party of the second part [defendant] will indemnify, save and hold harmless the party of the first part [plaintiff] for *534 any claim or demand on account of the said business, including the leases thereof and will assume and pay all future debts, obligations and claims of the said business.”
Both parties executed the lease while the partnership was in progress, and it appears that subsequent to the firm’s dissolution, the defendant defaulted in the payment of rent.
The complaint states three causes of action. The first cause of action alleges that on August 9, 1957, the landlords obtained a final order awarding them possession of the premises, and obtained a judgment against the plaintiff for unpaid rent and for unpaid taxes required to be paid by the partners under the terms of the lease, in the sum of $467.50, and the plaintiff seeks to recover this sum from the defendant under the indemnity clause afore-mentioned. The complaint does not allege that the judgment has ever been paid by the plaintiff nor does his affidavit so indicate. The second cause of action alleges that on August 27, 1957, the landlords. commenced another action against the plaintiff to recover the sum of $500 for attorneys’ fees incurred in bringing the summary proceeding. The complaint does not allege that this action was ever prosecuted to judgment. Paragraphs 13 and 14 merely allege that by reason of this suit judgment will be rendered against the plaintiff in favor of the landlords and that he has been damaged in the sum of $500. The affidavit in support of this motion states substantially the same matter as the complaint.
The third cause of action is brought to recover the sum of $670 and is based upon paragraph 4 of the agreement of November 3, 1956, which provides in substance that the defendant is to pay the plaintiff a portion of the consideration for the sale of the business, namely, $670 within one year from the date of the agreement of sale or when the business shall be sold or transferred by the defendant to another person or corporation whichever shall first occur.
The disposition of the motion insofar as it affects the first and second causes of action depends on whether the agreement of indemnity contained in paragraph 3 of the agreement is one against liability or against loss or damage by reason of a liability. After a close reading of this paragraph I am of the opinion that the matters contained therein constitute an indemnity against loss or damage by reason of a liability and not an indemnity against liability. The distinction between an agreement to indemnify against liability and an agreement to indemnify against actual loss is well settled. In the former, there is a breach of the agreement the moment the liability is imposed upon the party to be indemnified and a cause of action at once *535 arises, which entitles him to maintain an action to recover for the breach, but that fact arises because of the fact that there was a breach of the contract. In the latter, however, it cannot be said that there is a breach of the contract until the person indemnified has sustained actual damage.
In this case it Avould appear that the plaintiff would not only have to plead and prove a claim and judgment, but also that the judgment obtained against him had been satisfied by payment. While the first cause of action pleads a claim and judgment it does not allege that the plaintiff has paid the judgment. Consequently, no actual loss or damage has been shoAvn. As to the second cause of action, it does not plead a judgment at all. It merely speculates that a judgment will be obtained. Furthermore the plaintiff’s supporting affidavit adds nothing to the pleading.
The latter portion of paragraph 3 has given the court some concern. In substance it states that the defendant will assume and pay all future debts, obligations and claims of the said business. If it had stated that the defendant would pay all future claims and debts arising out of obligations existing at the time of the partnership dissolution, then the court would be inclined to find that the agreement was one of indemnity against liability and therefore grant the motion insofar as it affects the first two causes of action. But it would appear that the parties by using the word ‘ ‘ future ’ ’ intended to mean all claims, debts and obligations arising after the dissolution. In any event the true intent can only be determined after hearing parol evidence on this point on a trial.
The motion as to the first and second causes of action is denied.
The motion is also denied as to the third cause of action. The action is premature. At the time this motion was made one year had not elapsed since the agreement was made nor had the business been transferred or sold. Therefore, the agreement has not been breached at this time.