Chief Judge Fuld.
The history of this litigation, a simple dause of action in negligence, has been long and tortured. It appears that it has involved no less than nine separate proceed- . ings in the Supreme Court (including two full trials), six appeals to the Appellate Division and is now before this court for the third time. The present appeal, brought nearly 11 years after the action was commenced, is from an order granting a motion to dismiss the third-party complaint on the ground that the cause of action has not yet matured.
The case arose out of an accident at a construction site in Queens in January of 1957. The plaintiff, Bernard McCabe, was injured and brought suit against, among others, Sam Gelfand, the roofing contractor at the site. While that suit was pending, Gelfand impleaded Banner Roofing Company as a third-party defendant, alleging that the latter had participated on the job as a joint venturer and had agreed to share all losses arising out of the performance of the roofing contract. In October, 1962, this third-party action was severed and the main action proceeded to trial, eventually resulting in a judgment for the plaintiff McCabe against Gelfand in an amount exceeding $176,000 (26 A D 2d 772, mot. for lv. to app. den. 18 N Y 2d 578).
By stipulation with Banner, Gelfand amended the third-party complaint to reflect the judgment which had been obtained in the main action. The demand for contingent relief was deleted and a claim for a money judgment substituted in the amount of $88,433 which constituted one half of the amount of the judgment entered in the main case. After several months had elapsed, however, only the sum of $55,000, representing the coverage limit on Gelfand’s insurance policy, was paid in satisfaction of McCabe’s judgment. Banner then moved to dismiss the third-party complaint alleging that no part of the main judgment had been paid by Gelfand personally and that, in the absence of such payment, Gelfand’s complaint failed to state a cause of action.
The court at Special Term found that the third-party complaint stated a cause of action and denied the motion but, on appeal, the Appellate Division reversed and dismissed the pleading on the ground that no actual loss had yet been sustained by Gelfand. More specifically, the court relied upon the fact that Gelfand himself had not made any payment in satisfaction of *208 the judgment and held that the amount paid by his insurer was not subject to reimbursement under the agreement of joint venture. On his appeal to this court, Gelfand argues that, in a third-party action such as this, he may obtain a conditional judgment prior to any showing of damages and that, in any event, he is entitled to one half of the $55,000 which his insurance company has paid toward the main judgment.
Gelfand’s third-party claim against Banner is predicated upon an alleged agreement between two joint venturers to “bear equally * * * any losses and expenses that might accrue as a result of the doing of the * * * work, labor and services ” at the construction site. Unless Gelfand himself was actively negligent in causing the injury, such an agreement would entitle him to be indemnified for one half of any loss which he might suffer as a result of McCabe’s lawsuit. Unlike a right to indemnity against liability, however, no obligation would accrue under such an agreement unless and until an actual loss has been sustained—in this instance, until the judgment has been paid. (See 755 Seventh Ave. Corp. v. Carroll, 266 N. Y. 157, 161; see, also, 28 N. Y. Jur., Indemnity, § 18.)
Despite the absence of any payment, however, it was still proper for Gelfand to implead Banner as a third-party defendant. This procedural device does not vitiate the requirement of a showing of actual loss before there may be recovery but does permit an indemnitee to obtain a conditional judgment fixing the potential liability without the need for payment until it is shown that the judgment in the principal action has been satisfied in whole or part. (See 125 W. 45th St. Rest. Corp. v. Framax Realty Corp., 249 App. Div. 589, 590; County of Oswego v. American Sur. Co. of N. Y., 63 N. Y. S. 2d 723, 725, affd. 272 App. Div. 862; First Nat. Bank of City of N. Y. v. Bankers Trust Co., 151 Misc. 233, 240.) Since the third-party judgment would not be subject to execution until there is proof of such payment of the main judgment—whether by the filing of a satisfaction piece or other means — the third-party action conveys no greater rights than could be obtained if the action were brought independently. It does, however, permit the third-party plaintiff to obtain the earliest possible determination as to the extent to which he may expect to be reimbursed for any loss.
*209 It is true in this case that the third-party action was ultimately severed from the main action, and the latter was allowed to go to separate trial and judgment. We see no reason, however, why such a severance should affect the validity of the third-party complaint. If the third-party plaintiff were now required to show an actual loss, the only effect would be to postpone the determination of Banner’s obligation until such time as Gelfand has completed his payments toward satisfaction of the judgment. This case has been before the courts entirely too long, and not alone efficiency but the proper administration of justice demands that the question of Banner’s contractual obligation be determined and fixed without further and unnecessary delay.
Should he prevail upon the trial, Gelfand would be entitled to reimbursement for one half of any amount which is paid in diminution of the judgment — including the $55,000 paid on his behalf by his insurer. The fact that Gelfand had obtained insurance to protect himself against a potential liability arising out of the joint venture in no way diminishes the obligation of his partner. Both the insurance policy and the joint venture agreement are independent contracts, each presumably supported by adequate consideration, and the existence of the one in no way affects the obligations created by the other. Whether Gelfand pays the judgment out of his own pocket or purchases the right to have an insurance company pay it, he is still entitled to reimbursement from his partner.[1]
In sum, the order dismissing the complaint should be reversed and the ease remanded for a trial in which the nature of Banner’s obligation, if any, would be determined. Should Gelfand prevail, he would be entitled to recover personally one half of any amounts paid by him, or by any other person on his behalf, toward the satisfaction of McCabe’s judgment. Since this right is personal to Gelfand, any amount so recovered would be subject to execution (at the instance of McCabe) under the original judgment and would constitute an additional payment in satisfaction thereof.
*210 The order appealed from should be reversed, with costs in this court and in the Appellate Division, and the case remitted to Special Term, Kings County, for further proceedings in accordance with this opinion.
Judges Burke, Scileppi, Bergan, Keating, Breitel and Jasen concur.
Order reversed, with costs in this court and in the Appellate Division, and case remitted to Special Term for further proceedings in accordance with this opinion.

. It should be pointed out that, in this case, the total obligation of both indemnitors combined is insufficient to compensate Gelfand for his potential loss. We need not now consider or decide what the result is to be in a case in which the two collateral obligations overlap.