Jose Raimundo MADEIRA, Plaintiff,

v.

AFFORDABLE HOUSING FOUNDATION, INC. and Mountain Developers Associates, LLC, Defendants.

Affordable Housing Foundation, Inc., and Mountain Developers Associates, LLC, Third–Party Plaintiffs,

v.

Cleidson C. Silva d/b/a C & L Construction, Third–Party Defendants.

No. 01 Civ. 8779(CM)(GAY).

United States District Court, S.D. New York.

Nov. 16, 2007.

Roberto Laracuente, Ginarte, O'Dwyer, Winograd & Laracuente, Garth S. Wolfson Mahoney & Keane, LLP, New York, NY, for Jose Raimundo Madeira.

Dennis E. A. Lynch, Feerick Lynch PLLC, South Nyack, NY, Jeremy D. Platek, O'Bryan, Baun, Cohen & Kuebler, Birmingham, MI, Donald Joseph Feerick, Jr., Donald Eng, New York, NY, for Affordable Housing Foundation, Inc.

Jonathan D. Sands, Jeffrey Samel & Partners, New York, NY, for Cleidson C. Silva.

Joseph M. Glatstein, Williamson & Williamson, New York, NY, for Preferred National insurance Co.

## MEMORANDUM ORDER ACCEPTING REPORT AND RECOMMENDATIONS OF THE HON. GEORGE A YANTHIS, U.S.M.J.

McMAHON, District Judge.

I have received and reviewed the Report of The Hon. George A. Yanthis, U.S.M.J., dated October 31, 2007, and the objections thereto filed by both plaintiff Jose Raimundo Madeira and defendants/third party plaintiffs Affordable Housing Foundation, Inc., and Mountain Developers Associates, LLC.

Judge Yanthis divided his recommendation into three parts and I will address those three parts separately.

### Madeira's Motion to Compel

■ The learned magistrate is correct that plaintiff Madeira lacks standing to compel C & L to live up to its indemnity agreement with Affordable and Mountain. Plaintiff is not a party to the indemnification agreement and is not an intended beneficiary of the agreement. He also did not sue C & L directly. As such, plaintiff has no rights or claims against C & L. Accordingly, the court accepts the recommendation contained in Part I of Magistrate Judge Yanthis' Report and denies plaintiff Madeira's application.

### Defendants–Third Party Plaintiffs' Motion to Compel Payment of Third Party Judgment

■ I also agree with Judge Yanthis' conclusion that I should grant Affordable and Mountain's motion to compel C & L to satisfy the third party judgment entered against it in an amount equal to 82% of the total fixed liability, plus interest—although I find the request for judicial intervention (in the form of an order for contempt or compelling satisfaction of the judgment) somewhat odd, since there is no indication in the record that Affordable and Mountain have made any effort to execute on that judgment.

The unusual aspect of this case is that the contract that was the basis for the third party action is a contract in which C & L agreed to indemnify Affordable and Mountain, but only to the extent of C & L's negligence. In other words, the contract of indemnity is equivalent to a formal acknowledgement of what New York law permits—an apportionment of liability among joint tortfeasors with a right of contribution among them to the extent of their liability. *See Dole v. Dow Chem. Co.*, 30 N.Y.2d 143, 331 N.Y.S.2d 382, 282 N.E.2d 288 (1972). Until now, it was never clear to the court what the indemnity

agreement gave Affordable and Mountain that they were not already entitled to under *Dole v. Dow.* And, indeed, C & L opposes this application by citing to the long line of *contribution* cases, all of which clearly hold that no contribution need be paid by one joint tortfeasor to another unless and until the tortfeasor seeking contribution has paid plaintiff more than his pro rata share of the overall judgment (plaintiff, of course, is entitled to collect 100% of what he is owed from anyone against whom a judgment in plaintiffs favor was entered—which in this case is Affordable and Madeira). See, e.g., *Klinger v. Dudley,* 41 N.Y.2d 362, 393 N.Y.S.2d 323, 361 N.E.2d 974 (1977).

■  However, by undertaking in a contract to *indemnify* Affordable and Mountain, rather than simply relying on or acknowledging their legal right to demand contribution. C & L agreed to be bound by the law applicable to indemnity agreements (contract law), as opposed to the law on contribution (tort law). And the law applicable to indemnity contracts is different law than the law on contribution among joint tortfeasors. A contractual indemnity become enforceable when liability is fixed, rather than upon the indemnified party's satisfaction of that liability. *Goodridge v. Harvey Group., Inc.,* 778 F.Supp. 115, 133 (S.D.N.Y.1991). C & L's obligation to indemnify became fixed and enforceable when the third party judgment was entered, which occurred on June 7, 2004. Because Affordable and Mountain are relying on C & L's contractual undertaking to indemnify, as opposed to contribution, the contribution cases relied upon by C & L is inapposite. The fact that the contractual obligation undertaken by C & L is measured by the same yardstick as joint tortfeasor contribution is irrelevant to the analysis; the third party action was grounded in contract, not in tort,

Therefore, Cleisdon Silva, d/b/a C & L Construction, is obliged to pay the judgment entered against it in the third party breach of contract action, with interest from the date of the judgment. If it fails to make payment, Affordable and Mountain can levy execution on the assets of C & L and of Cleidson Silva. That is the proper way to go about collecting a judgment—not by obtaining a contempt order when the judgment debtor fails to pay. I would suggest that Affordable and Mountain exercise their rights as judgment creditors in the way that judgment creditors ordinarily do.

**Application for Attorneys' Fees**

Finally, I agree with Magistrate Judge Yanthis' conclusion that the application for attorneys' fees by Affordable and Mountain is no more than an untimely motion for reconsideration of the court's May 19, 2004 order denying attorneys' fees in the third party action. Even if the application relates to post-judgment efforts to enforce the thud party judgment, the result is the same—Affordable and Mountain have not demonstrated that this case falls outside the parameters of the usual rule barring indemnification for legal fees incurred in enforcing a right to indemnity. Enforcing a judgment obtained pursuant to a contract of indemnity is part and parcel of enforcing a right to indemnity.

The Magistrate Judge's Report is accepted and its recommendations are adopted in all respects.

This matter is CLOSED.

## REPORT AND RECOMMENDATION

GEORGE A. YANTHIS, United States Magistrate Judge.

TO THE HONORABLE COLLEEN MCMAHON, United States District Judge:

Plaintiff commenced the instant action to recover damages for personal injuries he sustained in the course of his work on a construction site. He claimed that the owner of the site (Mountain Developers Associates, LLC ("Mountain")) and the general contractor (Affordable Housing Foundation, Inc. ("Affordable")) failed to provide adequate safety equipment in violation of New York's "Scaffold Law." Defendants Affordable and Mountain thereafter commenced a third-party action for indemnification against plaintiff's employer, Cleidson C. Silva d/b/a C & L Construction ("C & L").[1]

The case proceeded to a bifurcated jury trial. At the conclusion of the first phase, the jury returned a verdict in favor of the plaintiff against Affordable and Mountain in the amount of $638,671.63. The third-party case was tried during the second phase, which resulted in a jury determination that an enforceable contract existed which required C & L to indemnify Affordable and Mountain to the extent of C & L's own negligence. As required by the contract, the jury apportioned liability for plaintiff's injuries, holding C & L 82% liable and Affordable and Mountain each 9% liable. On June 7, 2004, judgment was entered in accordance with the jury verdict.

Presently before this Court are (1) plaintiff's motion to compel C & L to satisfy the judgment, (2) defendants' motion to hold C & L in contempt for failure to satisfy the judgment and/or to compel C & L to satisfy the judgment and (3) defendants' motion to recover attorneys' fees associated with the prosecution of the declaratory judgment action against Preferred National. For the reasons that follow, I respectfully recommend that (1) plaintiff's motion to compel should be de-

nied, (2) defendants' motion to compel should be granted and (3) defendants' motion for attorneys' fees should be denied.

## I. PLAINTIFF'S MOTION TO COMPEL

Plaintiff seeks an Order compelling C & L to pay to defendants its 82% share of the damages awarded to plaintiff. Plaintiff asserts that, upon payment to defendants of the judgment against C & L, plaintiff believes the remaining liability may be amicably resolved. Plaintiff's motion to compel C & L's payment to *defendants* fails, however, because plaintiff lacks standing to seek enforcement of the judgment in the third-party action. Plaintiff is neither a party to the indemnification agreement nor an intended beneficiary. Accordingly, I conclude that plaintiff's motion to compel should be denied.

## II. DEFENDANTS' MOTION TO COMPEL

Defendants seek an Order compelling C & L to indemnify them for 82% of the total liability fixed in the judgment, plus interest. Defendants contend that C & L refuses to satisfy the judgment, despite defendants repeated requests that C & L do so. C & L argues that its duty to indemnify defendants does not arise until defendants have paid their share of the judgment to plaintiff, and defendants have not done so.

Pursuant to the indemnification agreement at issue, C & L must indemnify and hold harmless defendants "against any *claims*, damages, losses, and expenses, including legal fees, arising out of or resulting from performance of subcontracted work to the extent caused in whole or part by the Subcontractor or anyone directly or

---

1. Defendants also brought a third-party action against C & L's insurer, Preferred Na-
tional, who prevailed via a directed verdict at the close of the third-party case.

indirectly employed by the Subcontractor" (emphasis added). The indemnity agreement, therefore, obligates C & L to indemnify defendants against any liability arising from the performance of subcontracted work to the extent of C & L's own negligence. "It is established under New York law that agreements to indemnify against liability become enforceable when the liability is fixed, rather than solely upon the indemnified party's satisfaction of that liability." *Goodridge v. Harvey Group, Inc.*, 778 F.Supp. 115, 133 (S.D.N.Y.1991). Here, defendants' liability was fixed upon entry of the judgment on June 7, 2004; thus, C & L's duty to indemnify defendants arose at the time judgment was entered. *See id.*, n. 5. Accordingly, I conclude that defendants' motion to compel C & L to satisfy the judgment in the third-party action should be granted.

## III. DEFENDANTS' MOTION FOR ATTORNEYS' FEES

Defendants also seek an award for attorneys' fees incurred in connection with the prosecution of the declaratory judgment action against Preferred National. Defendants argue that they are entitled to said fees because the third-party action falls outside the general rule prohibiting indemnification for fees incurred in enforcing a right to indemnity. Defendants previously raised this argument in their original application for attorneys' fees. By Memorandum Decision and Order dated May 19, 2004, Your Honor rejected defendants' contention and disallowed recovery for attorney's fees associated with prosecuting any portion of the third-party action. Therefore, defendants' motion is essentially a motion for reconsideration and, thus, is clearly untimely. Accordingly, I conclude that defendants' motion for attorneys' fees should be denied.

## IV. CONCLUSION

For all of the foregoing reasons, I conclude, and respectfully recommend: (1) plaintiff's motion to compel should be denied; (2) defendants' motion for attorneys' fees should be denied; (3) defendants motion to compel should be granted and C & L should be directed to pay its 82% share of the total liability set forth in the judgment to defendants, plus interest, without delay.

## V. NOTICE

Pursuant to 28 U.S.C. § 636(b)(1)(B), as amended, and Rule 72(b), Fed.R.Civ.P., the parties shall have ten (10) days from receipt of this Report to serve and file written objections to this Report and Recommendation. If copies of this Report are served upon the parties by mail, the parties shall have thirteen (13) days from receipt of this Report to file and serve written objections. *See* Fed.R.Civ.P. 6(e). Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Colleen McMahon, 500 Pearl Street, New York, New York 10007, and to the chambers of the undersigned at 300 Quarropas Street, White Plains, New York 10601.

Failure to file timely objections to this Report and Recommendation will preclude appellate review of any order of judgment that will be entered. *See Small v. Secretary of H.H.S.*, 892 F.2d 15, 16 (2d Cir. 1989).

Requests for extensions of time to file objections shall be made to The Honorable Colleen McMahon and not to the undersigned.