**Jose Raimundo MADEIRA,**
**Plaintiff–Appellee,**

v.

**AFFORDABLE HOUSING FOUNDATION, INC. and Mountain Developers Associates, LLC, Defendants–Third–party–Plaintiffs, Appellees–Cross–Appellants,**

v.

**Cleidson C. Silva, doing business as C & L Construction, Third–party–Defendant, Appellant–Cross–Appellee,**

v.

**Preferred National Insurance Co., Third–party–Defendant.**

Nos. 08–1523–cv; 08–0047–cv.

United States Court of Appeals, Second Circuit.

April 23, 2009.

David M. Samel, Jeffrey Samel & Partners, New York, NY, for Cleidson C. Silva.

Garth S. Wolfson, Mahoney & Keane, LLP, New York, NY, for Jose Madeira, Affordable Housing Foundation, Inc. and Mountain Developers Associates, LLC.

Donald J. Feerick, Jr., Feerick Lynch MacCartney, PLLC, South Nyack, NY, for Affordable Housing Foundation, Inc. and Mountain Developers Associates, LLC.

PRESENT: Hon. WILFRED FEINBERG, Hon. JON O. NEWMAN, Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Cleidson C. Silva, doing business as C & L Construction ("C & L"), seeks review of the grant of a motion to compel payment of an indemnification judgment to defendants Affordable Housing Foundation, Inc. and Mountain Developers Associates, LLC (collectively, "defendants"). Defendants cross-appeal to seek review of the district court's denial of their motion for additional attorney's fees. We review the district court's interpretation of New York law *de novo*, *see Highland Capital Mgmt. LP v. Schneider*, 460 F.3d 308, 316 (2d Cir.2006), and its decision on an application for attorneys' fees for abuse of discretion, *see Darnet Realty Assocs. LLC v. 136 East 56th St. Owners, Inc.*, 214 F.3d 79, 87 (2d Cir. 2000). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

### 1. *Indemnification*

C & L argues that as a third-party defendant, it cannot be compelled to indemnify defendants for any part of the

judgment awarded to plaintiff Madeira until defendants themselves pay plaintiff because, under New York law, "a cause of action based upon a contract of indemnification does not arise until liability is incurred by way of actual payment." *Varo, Inc. v. Alvis PLC,* 261 A.D.2d 262, 265, 691 N.Y.S.2d 51, 55 (1st Dep't 1999) (internal quotation marks omitted). New York law, however, distinguishes an agreement to indemnify against *loss* and an agreement to indemnify against *liability.* Under an agreement to indemnify against loss, a right to indemnification does not accrue until the indemnified party has satisfied the judgment, *i.e.,* suffered a loss. *See McCabe v. Queensboro Farm Prods., Inc.,* 22 N.Y.2d 204, 208, 292 N.Y.S.2d 400, 402–03, 239 N.E.2d 340 (1968); *755 Seventh Ave. Corp. v. Carroll,* 266 N.Y. 157, 161, 194 N.E. 69 (1935). By contrast, a right to indemnification against liability arises when judgment is entered, even though the defendant has not paid the judgment and, thus, suffered no losses. *See McCabe,* 292 N.Y.S.2d at 402–03, 239 N.E.2d 340; *see also Roldan v. Allstate Ins. Co.,* 149 A.D.2d 20, 27, 544 N.Y.S.2d 359, 363 (2d Dep't 1989).

Here, the indemnification agreement between the parties was an agreement to indemnify against both loss and liability. The parties' agreement provides that C & L "shall indemnify and hold harmless ... against any claims, damages, losses, and expenses, including legal fees." C & L App. at 34. We construe the word "claims" under this agreement to promise indemnification against liability.

While the New York Court of Appeals has not addressed when indemnification

rights begin accruing under an agreement to indemnify against claims, we identify no need to certify the question to resolve this appeal. New York law clearly "disfavors interpretations that render contract provisions meaningless or superfluous." *Manley v. AmBase Corp.,* 337 F.3d 237, 250 (2d Cir.2003). Because the parties' agreement already indemnifies against "losses," it would be superfluous to construe "claim" to equate to "loss," particularly where, as in this case, the claim has been reduced to an enforceable judgment for which defendants are now liable.[1]

The Second Department's decision in *Cody v. Gaynes,* 279 A.D. 910, 110 N.Y.S.2d 633 (2d Dep't 1952), which interpreted a contract indemnifying against claims as an agreement to indemnify against loss, warrants no contrary conclusion. In that case, plaintiffs sued defendants for indemnification in connection with pending actions by creditors against plaintiffs. In dismissing the indemnification causes of action, the Second Department noted that the claims filed against plaintiffs indicated only that they *"may* be liable for a deficiency." *See id.,* 279 App. Div. at 910, 110 N.Y.S.2d at 634 (emphasis added). By contrast, Madeira's claim against defendants has been reduced to a judgment, which can be enforced against the defendants. Under the parties' agreement, a claim on which a judgment has been entered reflects a liability sufficient to trigger defendants' right to indemnification.

■ Accordingly, we conclude that the district court correctly ruled that C & L

---

**1.** In *Barone v. Riggi,* 12 Misc.2d 533, 169 N.Y.S.2d 777 (Sup.Ct. Suffolk County 1957), a New York Court ruled that the agreement to hold harmless against "any claim or demand" was an agreement to indemnify against loss. That decision can be distinguished because there, the agreement did not mention "loss." *Id.* at 533, 169 N.Y.S.2d at 778. The word "claim" in the contract was thus not redundant to "loss" and, accordingly, did not have to be interpreted to mean "liability."

was obliged to pay the indemnification judgment even though defendants had not yet satisfied the judgment owed to Madeira.

### 2. Attorney's Fees

■ In their cross-appeal, defendants-third-party-plaintiffs submit that they are entitled to indemnification of fees incurred in appealing the judgment awarded to Madeira and in filing the motion to compel payment of the indemnification judgment. With respect to the fees and costs associated with the motion to compel, the district court denied any award, observing that "[e]nforcing a judgment obtained pursuant to a contract of indemnity is part and parcel of enforcing a right to indemnity." *Madeira v. Affordable Housing Found., Inc.,* 521 F.Supp.2d 319, 321 (S.D.N.Y. 2007). This is correct. Under New York law, a party cannot recover fees and costs expended in enforcing its right to indemnity. *Hooper Assocs. v. AGS Computers, Inc.,* 74 N.Y.2d 487, 492, 549 N.Y.S.2d 365, 367, 548 N.E.2d 903 (1989).

With respect to fees incurred in connection with the appeal of the judgment in favor of Madeira, the district court dismissed defendants' application as an "untimely motion for reconsideration of the court's May 19, 2004 order denying attorneys' fees in the third party action." *Madeira,* 521 F.Supp.2d at 321. This was an understandable interpretation of the defendants' application, which broadly claimed entitlement to "all post-judgment legal fees" and made no attempt to identify only the portion of those fees attributable to challenging liability to Madeira. Feerick Aff. ¶ 9. Since the parties' agreement indemnifying "expenses, including legal fees" covers the *Madeira* action, including those fees incurred in challenging liability

to Madeira on appeal, we will remand to allow the district court to reconsider the fee request, upon a proper submission of billable hours attributable to that portion of the prior appeal, excluding all hours attributable to the indemnity claim. To whatever extent any portion of the fee claim cannot be segregated into the allowable component and the component that is not allowed, that risk should be borne by the fee claimants.

For the foregoing reasons, the judgment of the district court is AFFIRMED in part, VACATED in part, and REMANDED in part for further proceedings consistent with this order.